PEOPLE v FICK
PEOPLE v POTTER
PEOPLE v UMPHREY

CRIMINAL LAW—CONSTITUTIONAL LAW—DOUBLE JEOPARDY—SINGLE CRIMINAL TRANSACTION.

A district court trial for a misdemeanor did not operate to bar a subsequent trial in circuit court for separate felonies requiring different evidence but arising out of a time sequence that bespeaks a single criminal episode where the prosecution originally sought to join all the charges arising out of the transaction in one criminal proceeding and at preliminary examination the defendants *agreed* to have separate trials of the felony and misdemeanor charges.

Appeal from Bay, John X. Theiler, J. Submitted Division 3 February 6, 1973, at Grand Rapids. (Docket Nos. 11786–11790, 11880.) Decided March 26, 1973.

Charles Roy Fick, Richard Potter, and Roy J. Umphrey were convicted of the sale of marijuana. Defendants appeal. Affirmed but remanded for resentencing.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Eugene C. Penzien,* Prosecuting Attorney, for the people.

*Bielawski & Skronek* and *Martin B. Legatz,* for defendants Fick and Potter.

*Seward, Tally & Newcombe, P. C.,* for defendant Umphrey.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 189.

Before: Danhof, P. J., and R. B. Burns and J. H.
Gillis, JJ.

J. H. Gillis, J. Defendants were convicted by a
judge sitting without a jury of illegal sale of mari-
juana, MCLA 335.152; MSA 18.1122. They appeal
as of right.

The bulk of evidence against all three defend-
ants came from an undercover police officer who
had infiltrated a group of people trafficking in
drugs in Bay City. The defendants were part of the
group but others were involved as well. The infil-
tration took place over a period of several days in
September 1970. As a result of the police officer's
observation and involvement with defendants dur-
ing that period, separate warrants were obtained
charging defendants, and others, with conspiracy
to sell amphetamines, sale of marijuana, and con-
spiracy to sell marijuana.

All charges were set for preliminary examina-
tion in district court. At that time counsel for
another defendant noted that conspiracy to sell
amphetamines was a misdemeanor triable in dis-
trict court. The district judge and the prosecutor
agreed[1] and suggested a trial date be set for *all*
defendants charged with that crime, rather than
holding a preliminary examination. Defense coun-
sel for defendants Umphrey, Potter, and Fick
agreed.

Defendants were bound over for trial in circuit
court on the remaining charges. They stood trial

[1] At the time, sale of amphetamines was punishable by imprison-
ment in a county jail for one year or fine of $500 or both. MCLA
335.106; MSA 18.1106. A person found guilty of conspiring to commit
such an offense may be punished by imprisonment for one year and a
fine of $10,000 may be imposed. MCLA 750.157a; MSA 28.354(1). It
would appear that district courts, which have jurisdiction over of-
fenses punishable by one year imprisonment and/or a fine (MCLA
600.8311; MSA 27A.8311) have jurisdiction over such a misdemeanor.

in district court for conspiracy to sell amphetamines and were convicted. They now contend the subsequent trial in circuit court for sale of marijuana[2] subjected them to double jeopardy.

The basis of defendants' contention is that the district judge presiding at the trial of the conspiracy to sell amphetamines charge allowed in evidence testimony tending to show defendants guilty of sale of marijuana as part of the res gestae and thereafter found, as a matter of fact, that the evidence of sale of marijuana was an integral part of the conspiracy to sell amphetamines.

We agree that the evidence adduced at the preliminary examination as well as the trials in both circuit and district courts showed defendants, during a time span of several days, sold and conspired to sell amphetamines, marijuana, and other prohibited substances. Sales were made from a paper shopping bag which contained a variety of drugs and was carried and passed about with astonishing casualness in a park in Bay City. Clearly, the incidents surrounding the commission of both crimes (as well as others we can glean from the several transcripts) were so intermixed as to be related to one criminal endeavor. However, no compelling logic requires the result for which defendants contend.

The double jeopardy clauses of our Constitutions[3] as employed in both Federal and state courts, consist of two basic rules: first, once a man is convicted, he may not be reprosecuted in order to impose upon him another sentence for the same offense; and second, once a man is acquitted, he may not be reprosecuted for the same offense in order to give the state another chance to convict

---

[2] The charge of conspiracy to sell marijuana was not prosecuted.

[3] US Const, Am 5; Const 1963, art 1, § 15.

him. See *Green v United States,* 355 US 184; 78 S
Ct 221; 2 L Ed 2d 199 (1957); see also Comment,
*Twice in Jeopardy,* 75 Yale L J 262 (1965).

The latter rule, barring reprosecution after ac-
quittal, has been conceptually allied with the doc-
trine of collateral estoppel. See *Ashe v Swenson,*
397 US 436; 90 S Ct 1189; 25 L Ed 2d 469 (1970);
*Benton v Maryland,* 395 US 784; 89 S Ct 2056; 23
L Ed 2d 707 (1969). Recently, a panel of this Court
applied a variation of collateral estoppel by at-
tempting to fashion a "same transaction" test that
would bar reprosecution after conviction of an
offense committed during a single criminal trans-
action. *People v White,* 41 Mich App 370 (1972).

More recently, in response to a similar conten-
tion to that raised in *White, supra,* our Supreme
Court stated:

"Defendant further contends that we should prohibit
multiple prosecutions arising out of the same factual
situation. Defendant properly points out that in some
cases multiple prosecutions are prejudicial to a defend-
ant. *In some cases multiple prosecutions may aid a
defendant.* Therefore, we believe a mandatory rule
would be an unwise solution to this problem." *People v
Grimmett,* 388 Mich 590, 607 (1972). (Emphasis sup-
plied.)

It is clear in this case that the convictions
entered against defendants were for separate
crimes requiring different evidence but arising out
of a time sequence that bespeaks a single criminal
episode. However, the prosecution originally
sought to join all the charges arising out of the
transaction in one criminal proceeding. See *People
v White, supra,* 379, 380.

Whatever reasons supported the decision to sep-
arate the charges at preliminary examination,
defendants *agreed* to have separate trials. We need

not decide whether the holding in *People v White,* *supra,* is affected by the quoted decisional language in *People v Grimmett, supra.* All we hold is that under either decision the references to marijuana in the district court trial, a separate proceeding held pursuant to defendants' agreement, did not operate to bar the subsequent trial in circuit court.

In *People v Lorentzen,* 387 Mich 167 (1972), the Supreme Court found the minimum penalty of 20 years imprisonment for sale of marijuana, as set out in MCLA 335.152; MSA 18.1122, unconstitutional. The sentences imposed in the case at bar were made pursuant to that now unconstitutional legislative determination. We remand for resentencing.

Affirmed, but remanded for resentencing.

All concurred.