PEOPLE v BRADFORD

PEOPLE v SUTTON

1. APPEAL AND ERROR—TRIAL—OBJECTIONS—PRESERVING QUESTION—
   MULTIPLE DEFENDANTS—REPEATING OBJECTIONS—SUFFICIENT
   OBJECTIONS.

   It is not necessary in a joint trial of multiple defendants for one
   defense counsel to repeat objections made by another in order
   to preserve an issue for appellate review where sufficient
   objections are interposed to direct the trial judge's attention to
   the situation.  .

2. CRIMINAL LAW—EVIDENCE—SIMILAR ACTS—MANIFEST INJUSTICE—
   MULTIPLE DEFENDANTS—ACTION IN CONCERT.

   Evidence of other similar crimes which creates manifest injustice
   when erroneously introduced to prove the motive of one of two
   joint defendants accused of acting in concert to commit a crime
   creates manifest injustice to the other defendant as well.

3. CRIMINAL LAW—EVIDENCE—STATUTES—SIMILAR ACTS—SELF-IN-
   CRIMINATION—FIFTH AMENDMENT—EXPLAINING EVIDENCE.

   The statute on evidence of similar acts does not violate a defend-
   ant's privilege against self-incrimination; the Fifth Amendment
   does not proscribe the introduction of evidence which places
   pressures on a defendant to take the witness stand to explain
   the evidence away unless that evidence is illegally admitted
   (MCLA 768.27; MSA 28.1050).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*
   21 Am Jur 2d, Criminal Law § 127 *et seq.*
   75 Am Jur 2d, Trial §§ 167–169.
[2, 4] 75 Am Jur 2d, Trial §§ 577–579, 876 *et seq.,* 906, 909.
[3] 21 Am Jur 2d, Criminal Law § 349 *et seq.*
[5, 7] 29 Am Jur 2d, Evidence § 320 *et seq.*
   Admissibility; at trial of criminal case, of evidence of defendant's
   criminal acts other than those charged—Supreme Court cases. 93
   L Ed 185.
[6] 21 Am Jur 2d, Criminal Law § 175.
[8] 75 Am Jur 2d, Trial § 746.

4. Criminal Law—Evidence—Similar Acts—Relevant Acts—Elements of Offense—Presumption of Innocence—Statutes.

The statute of evidence of similar acts permits evidence to be introduced which is relevant to a determination of specific elements of a charged offense; this evidence does not violate the defendant's right to presumption of innocence any more than any other relevant, material and competent evidence that the prosecutor may introduce (MCLA 768.27; MSA 28.1050).

5. Witnesses—Criminal Law—Indorsement—Similar Acts—Notice —Rebuttal.

The prosecution, where it intends to introduce evidence of similar acts, is required to indorse all witnesses it intends to introduce in a criminal trial to prove those similar acts; this provides defense counsel with adequate notice that he must prepare rebuttal evidence (MCLA 768.27; MSA 28.1050).

6. Constitutional Law—Criminal Law—Double Jeopardy—Previous Jeopardy.

A double jeopardy claim may not be raised where the individual raising the claim has not been previously placed in jeopardy for the same conduct.

7. Evidence—Criminal Law—Similar Acts—Relevance—Probative Value—Admissibility.

A trial court in a criminal trial where the statute authorizing admission of evidence of similar acts is applicable must determine whether the offered evidence is material and then whether it is more probative than prejudicial when determining whether it is admissible (MCLA 768.27; MSA 28.1050).

8. Criminal Law—Evidence—Admissibility—Cautionary Instructions—Multiple Defendants—Presumptions—Jury.

Cautionary instructions will not cure the admission of inadmissible evidence, but where evidence is properly admissible against one of two codefendants and the trial court in its instructions limits the applicability of the evidence to that defendant, the Court of Appeals will not presume that the jury refused to follow the trial court's limiting instructions.

Appeal from Recorder's Court of Detroit, Robert J. Colombo, J. Submitted May 6, 1976, at Detroit. (Docket Nos. 23557, 23560.) Decided June 24, 1976.

Eugene Bradford and Anzell Sutton were con-

victed of unarmed robbery. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Maura D. Corrigan,* Assistant Prosecuting Attorney, for the people.

*George Stone,* for defendants on appeal.

Before: BRONSON, P. J., and D. E. HOLBROOK, JR. and D. F. WALSH, JJ.

D. E. HOLBROOK, JR., J. The defendants were jointly tried and convicted by a jury for the unarmed robbery of Wallace Haith. MCLA 750.530; MSA 28.798. Each defendant received a sentence of 5 to 15 years in prison. Both defendants appeal as of right.

At trial, over the vigorous objection of Sutton's trial counsel, the trial court, utilizing the similar acts statute,[1] permitted Anthony Pickens to testify that about 40 minutes after Haith was robbed he was also robbed by Sutton. On appeal, the defendants present a joint, multi-pronged attack on the similar acts statute. They argue that it is patently unconstitutional since it violates their right to due process, their right not to be compelled to give

---

[1] MCLA 768.27; MSA 28.1050.

"In any criminal case where the defendant's motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing an act, is material, any like acts or other acts of the defendant which may tend to show his motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing the act, in question, may be proved, whether they are contemporaneous with or prior or subsequent thereto; notwithstanding that such proof may show or tend to show the commission of another or prior or subsequent crime by the defendant."

testimony, their right to be presumed innocent, and their right not to be tried twice for the same crime. They also challenge the applicability of the statute and the manner in which the trial court applied the similar acts statute to their case.

Initially, the prosecutor challenges Bradford's right to raise the issue on appeal since he did not object to Pickens' testimony at trial. However, "[i]t [is] hardly necessary for one counsel to repeat the objections made by the other when sufficient objections [are] interposed to direct the trial judge's attention to [the] situation". *People v Logie,* 321 Mich 303, 307; 32 NW2d 458 (1948). Furthermore, if the evidence of the second robbery was improperly admitted as to Sutton, despite the trial court's cautionary instructions manifest injustice occurred as to Bradford. See *People v Burke,* 157 Mich 108, 113; 121 NW 282 (1909).

The similar acts statute has been construed by the appellate courts of this state on numerous occasions in its 48-1/2 year existence. However, we have been able to discover but one decision in which the patent constitutionality of the statute has been squarely faced. In *People v Anderson,* 13 Mich App 247, 251–252; 163 NW2d 793 (1968), this Court upheld the statute against a claim that the similar acts statute violates the defendant's privilege not to take the stand at his own trial.

We agree with the holding of the Court in *People v Anderson,* that the similar acts statute does not violate the defendant's privilege against self-incrimination. All the Fifth Amendment proscribes is requiring a defendant to be a witness against himself. It does not proscribe the introduction of evidence which places pressures on the defendant to take the witness stand to explain the evidence away, unless that evidence is illegally

admitted. *Harrison v United States,* 392 US 219, 222; 88 S Ct 2008; 20 L Ed 2d 1047 (1968). Therefore, the similar acts statute is not facially unconstitutional as violative of a defendant's privilege against self-incrimination.

Contrary to the defendants' assertion the evidence about the Pickens' robbery does not patently violate the defendants' constitutional right to be presumed innocent until proven guilty. The theory that evidence of similar bad acts violates the defendants' presumption of innocence is based on the assumption that such evidence is irrelevant to the issue of the defendants' guilt or innocence on the charged offense. Stone, *The Rule of Exclusion of Similar Fact Evidence: America,* 51 Harv L Rev 988 (1938), Comment, *Relevancy and Its Limits in the Proposed Federal Rules of Evidence,* 16 Wayne L Rev 167 (1969). However, the evidence that the similar acts statute permits to be introduced is relevant to a determination of specific elements of the charged offense. This evidence does not violate the defendants' right to a presumption of innocence any more than any other relevant, material and competent evidence that the prosecutor may introduce.

As the defendants assert, due process does require that criminal defendants be fully informed of the charges that they will be compelled to defend. *People v Carriger,* 37 Mich App 605, 608; 195 NW2d 25 (1972), *lv den,* 388 Mich 812 (1972). However, nothing in the similar acts statute permits the prosecution to fail to inform the defendants of the charges they will face at trial. The fallacy in the defendants' argument is that the evidence of the similar act is admitted, not as proof that the similar act was committed, but as proof that the defendants had the requisite intent,

motive, or scheme. Such proof is no different than any other circumstantial evidence that the prosecution produces to show those items.

Furthermore, the prosecution is required to endorse all the necessary witnesses to the similar act. This permits defense counsel to prepare for trial and provide the defense with the necessary rebuttal evidence. *Cf., People v Parker,* 65 Mich App 592; 237 NW2d 572 (1975). We do not find that the similar acts statute is violative of either the United States or Michigan due process clauses.

Finally, the defendants do not have standing to challenge the similar acts statute on the ground that it violates their rights not to be tried twice for the same offense. Central to raising a double jeopardy claim is an allegation that one has previously been placed in jeopardy for the same conduct. See *People v White,* 390 Mich 245; 212 NW2d 222 (1973). Thus Sutton's claim is premature. He makes no allegation that he has been previously placed in jeopardy for the Pickens robbery. The proper time for Sutton to raise the issue is if he is ever charged with the Pickens robbery. *People v Fick,* 45 Mich App 435; 206 NW2d 739 (1973).

For similar reasons, Bradford's claim of double jeopardy is nonexistent. The testimony clearly reveals that he was never accused of the Pickens robbery. Furthermore, the trial court carefully instructed the jury that the evidence of the Pickens robbery was to be used only against Sutton.

Having found that the similar acts statute is constitutional on its face, we must determine if the trial court properly applied the statute. In admitting evidence under the statute the trial court must determine two things. First, it must determine whether the evidence is material. Second, it must then consider whether the evidence is more

probative than prejudicial. *People v Spillman,* 63 Mich App 256, 259–260; 234 NW2d 475 (1975).

Despite defendants' claims to the contrary, the evidence is material since the defendants' intent to rob was one of the highly disputed elements in the case. Haith testified, at trial, that at about 10:05 p.m. on January 6, 1975, the defendants approached him with a gun and demanded his leather jacket and his money. On the other hand, both defendants testified that they approached Haith, not to rob him, but to beat him up in retaliation for an earlier assault Haith made on Bradford. It was their contention that Haith voluntarily gave him his jacket and money to avoid the beating. An additional factor which renders evidence of the Pickins robbery highly material is the fact that it occurred but 40 minutes after the Haith robbery.

While Pickens' testimony concerning the second robbery is admittedly prejudicial to the defendants, we are convinced that it is more probative than prejudicial. The two robberies occurred contemporaneously in the same neighborhood with similar articles taken. In addition, the trial court carefully instructed the jury three times that the testimony about Pickens' robbery was only to be used as evidence that Sutton intended to rob Haith, not as general evidence of guilt in the charged robbery.

During these instructions, the trial court specifically limited the applicability of the similar act evidence to Sutton. Of course, we realize that cautionary instructions may not cure otherwise inadmissible evidence. *United States v Magee,* 261 F2d 609, 612 (CA 7, 1958). But in this case the evidence was admissible against one of the co-defendants and we will not presume that the jury

refused to follow the trial court's limiting instructions. *Spencer v Texas,* 385 US 554, 565; 87 S Ct 648; 17 L Ed 2d 606 (1967), see also *People v Markham,* 19 Mich App 616, 633; 173 NW2d 307 (1969).

Affirmed.

BRONSON, P. J., concurs in result.