PEOPLE *v.* JAYNES

1. CRIMINAL LAW—SENTENCE—PROBATION—VIOLATION—CREDIT FOR TIME SERVED.

The legislative intent in the statutes regulating probation is to allow the court to impose the maximum penalty for a crime after violation of probation even though jail time has accumulated under a probationary order (MCLA §§ 771.3, 771.4).

2. CRIMINAL LAW — PROBATION — SENTENCE — MAXIMUM PENALTY — CREDIT FOR TIME SERVED.

Defendant who pleaded guilty to a charge of crime carrying a maximum penalty of five years, was sentenced to four years' probation, with six months to be spent in the county jail, and then violated the terms of his probation and was sentenced to two to five years, was not entitled to a credit of six months on his sentence for time spent in jail (MCLA §§ 771.3, 771.4).

Appeal from Lapeer, James P. Churchill, J. Submitted Division 2 April 15, 1970, at Lansing. (Docket No. 6,800.) Decided April 27, 1970.

Donald Lee Jaynes was convicted, on his plea of guilty, of larceny from a motor vehicle. Defendant was sentenced to probation, which was later revoked for a violation and a prison term imposed. Defendant appeals. Affirmed.

---

REFERENCE FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law § 562 *et seq.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *John P. Spires,* Prosecuting Attorney, for the people.

*William Patterson,* for defendant.

Before: R. B. BURNS, P. J., and FITZGERALD and VAN DOMELEN,* JJ.

R. B. BURNS, P. J. Defendant pleaded guilty to a charge of stealing a motor vehicle transmission valued at more than $100. MCLA § 750.356a (Stat Ann 1954 Rev § 28.588). The statute sets the maximum penalty at five years. Defendant was sentenced to four years' probation with specified liberty-limiting provisions which included no unauthorized driving of automobiles. He was also required to spend six months in the county jail. After serving the required six months in jail, defendant violated the vehicle provision which resulted in the revocation of his probation. The sentence imposed was two to five years. Defendant contends he is entitled to credit of six months on his sentence, otherwise he could possibly be subjected to a 5-1/2 year sentence which is beyond the statutory five-year maximum.

This question is apparently one of first impression in this state.

MCLA § 771.3 (Stat Ann 1970 Cum Supp § 28-.1133) provides:

"As a condition of probation, the court may require the probationer to be imprisoned in the county jail * * * for not more than 6 months."

MCLA § 771.4 (Stat Ann 1954 Rev § 28.1134) states:

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

"It is the intent of the legislature that the granting of probation to the one convicted shall be a matter of grace. * * * In case such probation order is terminated or revoked the court may proceed to sentence such probationer in the same manner and *to the same penalty as it might have done if such probation order had never been made.*" (Emphasis supplied.)

The plain and unambiguous language used in the above-controlling statutes clearly indicates a legislative intention to allow a court to impose the maximum penalty even though jail time has accumulated under a probationary order. When a defendant is given probation, he is not deprived of any of his rights without due process. Rather, he is given the additional privilege of avoiding the usual penalty of his crime by the payment of a sum of money and observance of other conditions. *People* v. *Good* (1938), 287 Mich 110; *People* v. *Marks* (1954), 340 Mich 495.

There is no miscarriage of justice; defendant's voluntary violation of probation obviates any real ground for complaint. Under these circumstances, the court is allowed by statute to assess punishment to the maximum provided by law.

Affirmed.

All concurred.