PEOPLE v WESTMAN

1. LARCENY—ELEMENTS OF OFFENSE—VALUE OF PROPERTY—STATUTES.

   The value of the property alleged to have been stolen is an essential element of the crime where the statute differentiates between felonies (property worth more than $100) and misdemeanors (property worth $100 or less); therefore, in a plea-taking in which the defendant pleaded guilty of larceny of property valued over $100, the failure to establish the value of the property alleged to have been stolen, where such value was questionable, was error (MCLA 750.356).

2. CRIMINAL LAW—SENTENCING—PRIOR CONVICTIONS.

   Consideration by a sentencing court of a prior conviction in which the defendant claims he was not represented by counsel was not error where the defendant has not established in a separate post-conviction action that the prior conviction is constitutionally infirm.

3. CRIMINAL LAW—SENTENCING—CREDIT FOR TIME SERVED—PROBATION.

   A sentencing court need not credit a defendant's sentence with time successfully served on probation where the defendant had been originally placed on probation and the probation was subsequently revoked and a prison sentence imposed; the trial court in such a case is authorized by case law to assess the maximum punishment provided by law.

Appeal from Missaukee, William R. Peterson, J. Submitted Division 3 April 4, 1974, at Grand Rapids. (Docket No. 17525.) Decided May 31, 1974.

George Westman was convicted, on his plea of

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Statutes § 294.
[2] 21 Am Jur 2d, Criminal Law § 585.
[3] 21 Am Jur 2d, Criminal Law §§ 533, 545, 606.

guilty, of larceny of property valued over $100. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Gary C. Hoffman,* Prosecuting Attorney (Prosecuting Attorneys Appellate Service, *Edward R. Wilson,* Director, and *Howard C. Marderosian,* Special Assistant Attorney General), for the people.

*Marshall S. Redman,* Assistant State Appellate Defender, for defendant.

Before: ALLEN, P. J., and T. M. BURNS and R. L. SMITH,* JJ.

PER CURIAM. On June 21, 1971, defendant George James Westman pleaded guilty to larceny of property valued over $100. MCLA 750.356; MSA 28.588. He was given a deferred sentence and subsequently placed upon probation. Probation was revoked on October 6, 1972, and defendant was sentenced to 2-1/2 to 5 years imprisonment with 53 days credit for time spent in the county jail. Defendant now appeals as of right, assigning several errors.

Defendant first contends that the trial court failed to establish the requisite factual basis for his plea of guilty of larceny of property over $100 when it failed to establish that the property stolen was worth over $100.

The information in this case charged defendant with feloniously stealing and carrying away one 1969 Honda Model Z-50A (minibike) of the approximate value of $150. At the time of the plea acceptance, June 21, 1971, the minibike was two

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

years old and worth considerably less than its original selling price of approximately $250. Defendant claims that since there was no proof of value offered at any time during the guilty plea proceeding, his plea should be set aside and a new trial granted. In essence, defendant's argument is that the prosecution failed to establish the crime in which defendant participated due to the fact that if the minibike was worth $100 or less, he could have only been convicted of a misdemeanor, whereas if the minibike was worth more than $100, the crime is a felony.

The value of the property alleged to have been stolen is an essential element of the crime where, as here, it is the test differentiating felonies and misdemeanors. *People v Fuzi,* 46 Mich App 204; 208 NW2d 47 (1973).

In *People v Fuzi, supra,* this Court considered this same issue and stated at p 211:

"We are next confronted with the failure of the record of the plea-taking to establish the value of the goods taken. Proof that the value of the goods was not less than $5 was an essential element of the felony charged. *People v Hanenberg,* 274 Mich 698; 265 NW 506 (1936); *People v Haynes,* 36 Mich App 705; 193 NW2d 899 (1971). Statute and court rule require that before accepting a plea of guilty, the trial judge must satisfy himself that ' * * * said plea was made freely, *with full knowledge of the nature of the accusation,* and without undue influence'. MCLA 768.35; MSA 28.1058; GCR 1963, 785.3. (Emphasis supplied.)

"In this case, it appears that none of the participants in this guilty-plea proceeding had the requisite 'full knowledge of the nature of the accusation'. The description of the items taken, as enunciated in the information, raises doubts as to whether their aggregate value would amount to $5. On the record of this plea-taking, it is impossible to determine whether defendant was

convicted of a 5-year felony or a 90-day misdemeanor. We conclude that the trial judge erred in failing to establish the crime in which defendant participated. *People v Taylor,* 387 Mich 209, 224; 195 NW2d 856 (1972); *People v Barrows,* 358 Mich 267, 272; 99 NW2d 347 (1959). See *People v Rufus Williams,* 386 Mich 277; 192 NW2d 466 (1971)."

Such is the case here. Proof that the value of the minibike was more than $100 was an essential element of the crime charged. The fact that the minibike was only worth $250 in 1969 when it was new raises doubt as to whether its value in 1971 would exceed $100. As in *Fuzi, supra,* from the record of this plea-taking proceeding, we cannot determine whether defendant was convicted of a felony or a misdemeanor. Consequently, we also must conclude that the trial court committed error in failing to establish the crime in which defendant participated.

While our previous discussion effectively disposes of this case, we shall briefly comment on defendant's remaining allegations of error.

Defendant claims that consideration by the sentencing court of a prior conviction violated his constitutional rights and requires resentencing since defendant was not represented by counsel at that prior conviction. *United States v Tucker,* 404 US 443; 92 S Ct 589; 30 L Ed 2d 592 (1972). This contention is meritless in light of our decisions in *People v Gavin,* 50 Mich App 743; 213 NW2d 758 (1973), and *People v Elaman,* 51 Mich App 55; 214 NW2d 557 (1974). Defendant must first establish in a separate post-conviction action that his prior conviction is constitutionally infirm.

With respect to the use of defendant's juvenile record at sentencing, this issue has been decided adversely to defendant by a unanimous Supreme

Court. *People v McFarlin,* 389 Mich 557; 208 NW2d 504 (1973); see also *People v Gavin, supra.*

Defendant's claim that the trial court erred in not crediting defendant's sentence with the time successfully served on probation is controlled by *People v Jaynes,* 23 Mich App 360; 178 NW2d 558 (1970). We decline defendant's invitation to reconsider that decision. Since *Jaynes* expressly authorizes the trial court to assess the maximum punishment provided by law, defendant's claim is without merit.

Defendant's final contention is that he was not properly advised of his right to counsel when he was placed on probation. Defendant was 17 years old at this time, and the record reveals that the lower court conditioned defendant's right to counsel not only on his own indigency but also on the indigency of his parents. We note that the trial court apparently explained the right to counsel to defendant in accordance with the probate code[1] rather than in accordance with our court rule.[2] We assume that since defendant is now 20 years old, upon remand the trial court, at all stages of the proceedings, will inform defendant of his right to counsel without injecting the question of defendant's parents' financial condition, and thus feel there is no need for further comment on this question.

Reversed and remanded for entry of an order granting a new trial.

[1] MCLA 712A.17; MSA 27.3178(598.17).

[2] GCR 1963, 785.3.