PEOPLE v LACY

1. CRIMINAL LAW—CONSTITUTIONAL LAW—DOUBLE JEOPARDY.

A defendant may not be reprosecuted in order to impose upon him another sentence for the same offense (US Const, Am V; Const 1963, art 1, § 15).

2. CRIMINAL LAW—CONSTITUTIONAL LAW—DOUBLE JEOPARDY—SENTENCES—CREDIT FOR TIME SERVED—PROBATION.

Failure to grant a defendant credit for time spent on probation against a prison sentence imposed after the revocation of that probation does not place the defendant in double jeopardy.

3. CRIMINAL LAW—CONSTITUTIONAL LAW—EQUAL PROTECTION—SENTENCES—CREDIT FOR TIME SERVED—PROBATION—PAROLE—STATUTES.

Applying credit for time spent on parole against a prison sentence while failing to give credit for time spent on probation is not a violation of the constitutional guarantee of equal protection of the laws because the treatment afforded probationers as distinguished from the treatment of parolees is necessary for the achievement of a compelling state interest; the effectiveness of probation revocation as a tool for securing compliance with the terms of probation would be vitiated if credit were granted for time previously spent thereon, and trial courts could well be discouraged in the important and necessary exercise of discretion in sentencing defendants in a manner relevant to their characteristics and to the crime involved (MCLA 791.238).

Appeal from Allegan, Wendell A. Miles, J. Submitted Division 3 June 13, 1974, at Detroit. (Docket No. 18450.) Decided July 24, 1974.

Earl Lacy, Jr., was convicted, on his plea of guilty, of larceny in a building and was placed on

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 182.
[2, 3] 21 Am Jur 2d, Criminal Law §§ 533, 545.

probation. Probation was revoked and defendant appeals the computation of credit for time served. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Gary Stewart,* Prosecuting Attorney (Prosecuting Attorneys Appellate Service, *Edward R. Wilson,* Director, by *William P. Weiner,* of counsel), for the people.

*Marshall S. Redman,* Assistant State Appellate Defender, for defendant.

Before: J. H. Gillis, P. J., and Allen and Elliott,* JJ.

Allen, J. The single issue presented in this appeal is whether good time spent on probation must be deducted from a sentence of two to four years in prison imposed following a probation revocation hearing. Detailed facts follow.

On December 6, 1971, defendant pled guilty to the charge of larceny in a building. MCLA 750.360; MSA 28.592. January 3, 1972, he received a sentence of two years probation and was ordered to pay restitution. Defendant violated the terms of his probation by being convicted on March 21, 1972, of driving a vehicle without an operator's license. He was also convicted of being a disorderly person on April 5, 1972. MCLA 750.167; MSA 28.364. A probation revocation hearing was held April 21, 1972, and on May 1, 1972, defendant was committed to the Allegan County jail for 120 days with credit applied to that sentence for 32 days previously served. After such sentence, defendant's probation remained in effect.

Subsequent to his release, defendant was con-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

victed on December 27, 1972, of receiving or concealing stolen property under $100. MCLA 750.535; MSA 28.803. A probation revocation hearing was held January 15, 1973, and on February 5, 1973, defendant received a sentence of two to four years in prison. Defendant received credit for 32 days previously spent in jail pursuant to his first arrest, the 120 days served in jail after his 1972 revocation hearing, and 12 days spent in jail between the 1973 revocation hearing and the time defendant was able to obtain bond before being sentenced. Defendant has appealed, and argues that he is entitled to credit for all the time that he was on probation.

Defendant's initial contention is that because he was not given credit for time served on probation, he has been punished twice, and that this violates the constitutional provisions against double jeopardy. US Const, Am V, and Const 1963, art 1, § 15. It has been said that "[t]he prohibition [against double jeopardy] is not against being twice punished, but against being twice put in jeopardy". *United States v Ball,* 163 US 662, 669; 16 S Ct 1192, 1194; 41 L Ed 300, 302 (1896). *People v Fick,* 45 Mich App 435, 437; 206 NW2d 739 (1971), stated that one of the tenets of the prohibition against double jeopardy is that one "may not be reprosecuted in order to impose upon him another sentence for the same offense". Was defendant "reprosecuted" and "twice put in jeopardy" when the trial court failed to grant defendant credit for time spent on probation against a prison sentence imposed after the revocation of that probation?

Our own Court and other jurisdictions, both state and Federal, have uniformly answered this question "no". In *People v Westman,* 53 Mich App 662; 220 NW2d 169 (1974), this Court held the trial

court did not err in failing to credit a jail sentence with time spent on probation. See also *People v Jaynes,* 23 Mich App 360; 178 NW2d 558 (1970). *State v Tritle,* 15 Ariz App 325, 326; 488 P2d 681, 682 (1971), said that the time spent on probation is not punishment to be credited against one's sentence upon revocation of that probation. *United States v Fultz,* 482 F2d 1, 4 (CA 8, 1973) first noted that despite the language in *Korematsu v United States,* 319 US 432; 63 S Ct 1124, 87 L Ed 1497 (1943), that probation is "an authorized mode of mild and ambulatory punishment, the probation being intended as a reforming discipline", a defendant is not placed in double jeopardy by failure to credit good time spent on probation. *Thomas v United States,* 327 F2d 795, 797 (CA 10, 1964), referring to other Federal cases, held that the sentencing upon revocation of probation, without giving defendant credit for the time he spent on probation, "does not place the defendant in double jeopardy".

Defendant next argues that applying credit for time spent on parole while failing to give credit for the time spent on probation is a violation of the constitutional guarantee of equal protection of the laws. US Const, Am XIV, and Const 1963, art 1 § 2.[1] In support of this contention, defendant relies on *Gagnon v Scarpelli,* 411 US 778, 782; 93 S Ct 1756, 1760; 36 L Ed 2d 656, 662 (1973), and *Warren v Parole Board,* 23 Mich App 754, 766–767, fn 22; 179 NW2d 664 (1970), *app dismissed,* 383 Mich 817 (1971). *Gagnon* observed that the revocation of probation, like the revocation of parole, resulted in

---

[1] MCLA 791.238; MSA 28.2308 provides that a parolee "shall be deemed to be still serving out the sentence imposed upon him by the court, and shall be entitled to good time the same as if he were confined in prison". No similar statute exists allowing credit for good time on probation.

a loss of liberty and held "that a probationer, like a parolee, is entitled to a preliminary and final revocation hearing". *Warren* noted that while there are technical differences between a paroled prisoner and a probationer, both are concerned, once accused of violating their respective conditional status, with "the impending loss of their liberty" and held it would be unreasonable not to afford both persons similar procedural safeguards "in the face of this common threat to a constitutionally protected interest—liberty".

Because a fundamental interest is involved, we must determine whether or not the treatment afforded probationers, as far as the denial of credit against one's sentence is concerned, as distinguished from the treatment afforded parolees is "necessary for the achievement of a 'compelling state interest'". *Governor v State Treasurer,* 389 Mich 1, 25; 203 NW2d 457 (1972). We find defendant's reliance upon *Gagnon v Scarpelli, supra,* unpersuasive. Although similar in nature, parole and probation are indeed different in a real sense. As indicated previously, one is placed on probation if the trial court determines "that the public good does not require that the defendant shall suffer the penalty imposed by law". MCLA 771.1; MSA 28.1131. On the other hand, a prisoner is not granted parole "until he has served the minimum term imposed by the court" minus any statutory provisions for good or special good time. MCLA 791.233(b); MSA 28.2303(b). A person placed on probation is able to avoid the pain of incarceration upon compliance with the lawful conditions of probation. MCLA 771.3; MSA 28.1133. Upon violation of those conditions, probation may be revoked and defendant will be subject to the penalty of incarceration. MCLA 771.4; MSA 28.1134.

A person placed on probation has an obvious interest in avoiding incarceration. If credit were granted in a situation such as the instant one, trial courts might be reluctant to grant probation. The effectiveness of the tool for securing compliance with the terms of probation would be vitiated if credit were granted for time previously spent thereon. Were defendant to prevail, it would be a victory for defendant but a Pyrrhic victory for future defendants. A trial court could well be discouraged in the important and necessary exercise of discretion in sentencing defendants in a manner relevant to their respective characteristics and to the crime involved.[2] The state also has an interest in avoiding the expenses attendant to incarceration, and in seeking the effective rehabilitation and continued usefulness of its citizens outside of prison walls. The above have led this Court to conclude that a "compelling state interest" justified the withholding of credit for time spent on probation, and we find that the trial court did not err in crediting defendant only with time he had previously spent in jail.

Affirmed.

All concurred.

---

[2] Frequently, the period of probation exceeds the maximum penalty of time in jail. This is particularly true in misdemeanor offenses. If credit is allowed for good time on probation, nothing will prevent defendants from ignoring probation once the time on probation equals the maximum allowable jail sentence.