PEOPLE v BEAUMONT

CRIMINAL LAW—APPEAL AND ERROR—PROBATION REVOCATION—APPEAL OF RIGHT—PLEA OF GUILTY.

The validity of a guilty plea of a defendant, who was subsequently placed on probation, may not be raised as an issue in an appeal as of right from the revocation of defendant's probation.

Appeal from Wayne, John M. Wise, J. Submitted Division 1 March 17, 1975, at Lansing. (Docket No. 21752.) Decided June 3, 1975.

Leonard Beaumont was convicted, on his plea of guilty, of unarmed robbery and was placed on probation. Probation revoked. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Robert S. Wisok,* for defendant on appeal.

Before: QUINN, P. J. and BRONSON and ALLEN, JJ.

PER CURIAM. Defendant pled guilty to unarmed robbery on January 25, 1971, and was placed on probation for a period of three years. In March of

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 563.

1972, he was found to be in violation of the terms of the original order of probation, the prior order of probation was revoked, and a new order of probation for a period of three years was made. On June 6, 1974, he was found to be in violation of this second order of probation and was sentenced to a prison term of from 6 to 15 years. Defendant appeals as of right from the revocation of the order of probation. The people have filed a motion to affirm pursuant to GCR 1963, 817.5(3).

The sole issue raised in this appeal of right from the revocation of probation and the imposition of the prison sentence relates to the validity of the underlying plea. That issue is not properly before this Court in this appeal from the revocation of the order of probation. See *People v Pickett,* 391 Mich 305; 215 NW2d 695 (1974), and *People v Donald Moore,* 55 Mich App 139; 222 NW2d 64 (1974).

Defendant's reliance on *People v Westman,* 53 Mich App 662; 220 NW2d 169 (1974), is misplaced. Contrary to the language contained in the *Westman* opinion, the *Westman* appeal was before this Court pursuant to an application for delayed appeal made June 6, 1973, and granted by this Court September 9, 1973. Thus, the issues raised in *Westman* were before this Court by virtue of our grant of the delayed appeal rather than by an appeal of right from the revocation of the order of probation.[1]

The question sought to be reviewed being not properly before this Court in an appeal of right from a probation revocation, the motion to affirm is granted.

---

[1] It should be noted that this Court denied defendant's application for a delayed appeal by our order of March 4, 1975, Docket No. 22038. The issue raised in the application for delayed appeal is the same as that argued herein.