PEOPLE v STURDIVANT

Docket No. 78-3968. Submitted April 9, 1980, at Lansing.—Decided June 2, 1980.

   Richard L. Sturdivant was convicted, on his plea of guilty, of larceny in a building in Crawford Circuit Court, and sentenced to four years probation, including six months in jail, and given credit for 30 days served prior to sentencing. Subsequently, the defendant was found to have violated his probation and the Crawford Circuit Court, William A. Porter, J., sentenced the defendant to 32 to 48 months in prison, with credit for time served between his second arrest and the second sentencing. The defendant appeals alleging that he was improperly denied credit at his second sentencing for time served prior to his first sentence on the original charge. *Held:*

   1. A defendant is entitled to a grant of presentence credit for jail time previously served pursuant to the presentence credit statute only once rather than to any multiple grant of credit for the same time period.

   2. The probation statute envisions the imposition of full punishment following probation revocation regardless of any previous sentence, thus the portion of probation a defendant served in jail need not be credited against any term imposed for violation of probation.

   Affirmed.

   N. J. KAUFMAN, J., dissented and would grant the defendant credit for jail time served before and during his probation.

OPINION OF THE COURT

1. CRIMINAL LAW — COURTS — SENTENCING — PRESENTENCE CREDIT.
   A defendant is entitled to presentence credit for jail time previously served, pursuant to the presentence credit statute, only

REFERENCES FOR POINTS IN HEADNOTES
[1, 4] 21 Am Jur 2d, Criminal Law § 545.5.
   Right to credit for time spent in custody prior to trial or sentence. 77 ALR3d 182.
[2] 21 Am Jur 2d, Criminal Law § 567.
[3] 73 Am Jur 2d, Statutes §§ 278-280.

once rather than to any multiple grant of credit for the same time period (MCL 769.11b; MSA 28.1083[2]).

2. CRIMINAL LAW — STATUTES — PROBATION — VIOLATION — SENTENCING.

The probation statute envisions the imposition of full punishment following probation revocation regardless of any previous sentence; the portion of probation a defendant served in jail need not be credited against any term imposed for violation of probation (MCL 771.4; MSA 28.1134).

DISSENT BY N. J. KAUFMAN, J.

3. CRIMINAL LAW — STATUTES — SENTENCING — PRESENTENCE CREDIT.

*The presentence credit statute is remedial in nature and deserves liberal construction to effectuate the legislative purpose (MCL 769.11[b]; MSA 28.1083[2]).*

4. CRIMINAL LAW — PROBATION — VIOLATIONS — PRESENTENCE CREDIT.

*A defendant's jail time, accumulated prior to a probation violation sentencing, should be credited against any sentence imposed for the probation violation.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Thomas Kent,* Prosecuting Attorney, and *Thomas C. Nelson,* Assistant Attorney General, Prosecuting Attorneys Appellate Service, for the people.

*Chari Grove,* Assistant State Appellate Defender, for defendant on appeal.

Before: D. C. RILEY, P.J., and R. B. BURNS and N. J. KAUFMAN, JJ.

D. C. RILEY, P.J. On October 3, 1977, defendant was plea-convicted of larceny in a building, contrary to MCL 750.110; MSA 28.305. He was subsequently sentenced to four years of probation, including six months in the Crawford County jail and was given credit for 30 days served prior to

sentencing. On May 31, 1978, he was arrested for violating his probation. Defendant's probation was revoked at a hearing held on July 10, 1978, at which time he was sentenced to 32 to 48 months in prison, with credit for time served between his second arrest and sentence. Defendant now appeals as of right, claiming that he was improperly denied credit, at this second sentencing, for time served prior to and during his first sentence.

The Michigan statute, MCL 769.11b; MSA 28.1083(2), provides for presentence credit under certain limited circumstances:

"Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bonds for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing."

Defendant first contends that this statute mandates credit against his second sentence for the 30-day period served prior to sentencing on the offense of larceny in a building. Although this period falls literally under the statute in that it was "prior to sentencing" (after the probation violation), we will not interpret the statute in this manner. Defendant has already received the 30-day credit against his original sentence. We believe that the statute only envisions a one-time issuance of credit rather than any multiple grant for the same period. Defendant's contrary claim must therefore be rejected.

Defendant also asserts that he should receive credit for the six months served in jail pursuant to the initial sentence.

The probation statute provides that:

"In case such probation order is terminated or re-voked the court may proceed to sentence such proba-tioner in the same manner and to the same penalty as it might have done if such probation order had never been made." MCL 771.4; MSA 28.1134.

It is clear that the statute's legislative intent is to allow the imposition of full punishment follow-ing probation revocation regardless of any previ-ous sentence. *People v Stange,* 91 Mich App 596, 599; 283 NW2d 806 (1979). The portion of proba-tion served in jail need not be credited against any term imposed for violation of probation. *Stange, supra,* 589-599, *People v Lacy,* 54 Mich App 471, 473-474; 221 NW2d 199 (1974), *People v Jaynes,* 23 Mich App 360, 361-362; 178 NW2d 558 (1970). Thus, defendant is not entitled to credit against his present sentence for jail time served under the original sentence.

Affirmed.

R. B. Burns, J., concurred.

N. J. Kaufman, J. *(dissenting).* The opinion of my colleagues would deny defendant credit for the jail time he accumulated under a probationary order. Precedent exists for this approach as illus-trated by *People v Jaynes,* 23 Mich App 360; 178 NW2d 558 (1970), *People v Westman,* 53 Mich App 662, 666; 220 NW2d 169 (1974), *People v Lacy,* 54 Mich App 471; 221 NW2d 199 (1974).

After many days of agonizing over this question, however, I find myself disagreeing with the majori-ty's decision as well as the rationale of the afore-mentioned cases.

The majority position is supported by the follow-ing statutory provisions which are based upon a

1927 Public Act. MCL 771.3; MSA 28.1133 provides:

"As a condition of probation, the court may require the probationer to be imprisoned in the county jail * * * for not more than 6 months."

MCL 771.4; MSA 28.1134 states:

"It is the intent of the legislature that the granting of probation to the one convicted shall be a matter of grace. * * * In case such probation order is terminated or revoked the court may proceed to sentence such probationer in the same manner and to the same penalty as it might have done if such probation order had never been made."

Although I recognize the mandate set forth in these statutes, I also note that precedent does exist for a more expansive approach to affording a criminal defendant credit for accumulated jail time. In *People v Stange*, 91 Mich App 596; 283 NW2d 806 (1979), the Court allowed a defendant credit for time he spent at a drug rehabilitation center prior to sentencing. The *Stange* Court cited MCL 769.11(b); MSA 28.1083(2) in support. It provides:

"Whenever any person is hereafter convicted of any crime within this state *and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing.*" (Emphasis added.)

This statute, adopted by the Legislature long after the probation statute via a Public Act of 1963, represents a sounder, more equitable ap-

proach. Such a crediting statute is remedial in nature, and, as such, deserves liberal construction in order to effectuate the legislative purpose. *Brinson v Genesee Circuit Judge*, 403 Mich 676; 272 NW2d 513 (1978). It is my considered opinion that the Legislature intended the crediting statute to apply to the factual situation herein.

In the case at bar, defendant was given four years of probation, the first six months of which were to be served in the county jail. After this probationary jail term was served, defendant was arrested for violating the terms of his probation. A probation revocation hearing was held and, ultimately, defendant was sentenced to serve 32 to 48 months in prison, with no credit given for time served under the probationary order.

I find this result unacceptable. Strict application of the crediting statute mandates a different result. Defendant was found guilty of violating his probation. He was sentenced as if he never had been placed on probation, as required by MCL 771.4; MSA 28.1134, *supra.* The crediting statute, *supra,* provides that a person convicted of a crime who accumulates jail time *prior to sentencing* shall be given credit against the sentence for accumulated jail time. Defendant's jail time was accumulated prior to his probation violation sentencing. Therefore, defendant should be given credit for the accumulated jail time. To hold contrary would require blindfolding ourselves to the realities of the situation. The original probationary order can be looked upon as a deferred sentence. Defendant was never truly "sentenced" then, yet he served approximately six months jail time prior to violating his probation. Ignoring this accumulated time runs afoul of the crediting statute, *supra.*

Moreover, defendant was given a 32 to 48 month sentence for violating his probation. Thus, the highest minimum sentence allowable was meted out. Indirectly tacking on an additional six months to this penalty by denying defendant credit for the jail time he accumulated under the probationary order would, in my opinion, constitute a type of double punishment.[1]

---

[1] The Fifth Amendment guarantee against double jeopardy protects not only against a second trial for the same offense, but also "against multiple punishments for the same offense". See *North Carolina v Pearce,* 395 US 711; 89 S Ct 2072; 23 L Ed 2d 656 (1969), and *Whalen v United States,* — US —; 100 S Ct 1432; 63 L Ed 2d 715 (1980).