PEOPLE v STANLEY ROBINSON

Docket No. 46333. Submitted May 7, 1980, at Lansing.—Decided
    August 27, 1980. Leave to appeal applied for.

    Stanley L. Robinson, Jr., pled guilty to breaking and entering
    with intent to commit larceny and was sentenced to probation.
    He served an initial jail term as a condition of the probation.
    Defendant subsequently pled guilty to probation violation and
    was sentenced to prison on the underlying charge, Otsego
    Circuit Court, William A. Porter, J. He appeals, alleging.that
    the trial court erred in accepting his waiver of counsel and in
    failing to give him credit for the imprisonment imposed as a
    condition of probation. *Held:*

        1. The record reveals no error with respect to defendant's
    waiver of counsel at the probation revocation hearing.

        2. Defendant's initial period of imprisonment, served as a
    condition of probation, should be treated no differently than
    any other time a defendant serves in jail in connection with the
    underlying offense for which he is ultimately sentenced, and,
    thus, defendant should receive a sentence credit.

        Remanded for resentencing or entry of credit.

1. CRIMINAL LAW — PROBATION VIOLATION — SENTENCE CREDIT.

    A defendant who pleads guilty to a probation violation and
    subsequently is sentenced to a term of imprisonment on the
    underlying conviction should be given a sentence credit for
    imprisonment served as a condition of probation.

2. CRIMINAL LAW — PROBATION VIOLATION — SENTENCE CREDIT —
    STATUTES.

    The probation statute does not bar a sentence credit for imprison-
    ment served as a condition of probation where probation is
    revoked and a sentence is imposed for the underlying convic-

REFERENCES FOR POINTS IN HEADNOTES

[1-4] 21 Am Jur 2d, Criminal Law § 545.5.
    Right of defendant sentenced after revocation of probation to credit
    for jail time served as condition of probation. 99 ALR3d 781.
[2] 73 Am Jur 2d, Statutes § 295.
[3-5] 73 Am Jur 2d, Statutes §§ 296, 297.

tion, and one may not logically infer from the fact that a probation violator may be sentenced to the same penalty that might have been imposed originally that such credit is prohibited (MCL 771.4, 769.11b; MSA 28.1134, 28.1083[2]).

3. CRIMINAL LAW — PROBATION — SENTENCE CREDIT STATUTES — CONSTRUCTION.

The sentence credit statute is to be construed liberally, and, thus, does not bar a sentence credit for imprisonment served as a condition of probation even though its language apparently restricts its application to time served in jail prior to sentencing due to the unavailability of bond (MCL 769.11b; MSA 28.1083[2]).

4. CRIMINAL LAW — PROBATION VIOLATION — SENTENCE CREDIT — STATUTES.

The sentence credit statute should apply where a defendant has served time as a condition of probation and later pleads guilty to a probation violation and is sentenced to a term of imprisonment on the underlying conviction (MCL 769.11b; MSA 28.1083[2]).

5. CRIMINAL LAW — PROBATION — IMPRISONMENT.

The initial period of imprisonment served as a condition of probation should be treated no differently than any other time a defendant serves in jail in connection with the offense for which he is ultimately sentenced.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *John Dennany,* Prosecuting Attorney (by *Leonard J. Malinowski,* Assistant Attorney General, Prosecuting Attorneys Appellate Service), for the people.

*Terence R. Flanagan,* Assistant State Appellate Defender, for defendant on appeal.

Before: CYNAR, P.J., and M. J. KELLY and T. GILLESPIE,* JJ.

M. J. KELLY, J. Defendant pled guilty to breaking and entering with intent to commit larceny

* Circuit judge, sitting on the Court of Appeals by assignment.

contrary to MCL 750.110; MSA 28.305. On April 15, 1978, defendant was sentenced to four years probation, the initial six months to be served in the county jail. On April 12, 1979, defendant was arraigned for probation violations. Defendant waived counsel and tendered a plea of guilty to the charges of leaving the state without permission and changing his residence without proper notice to the probation office. Defendant was then sentenced to a term of 3-1/2 to 10 years imprisonment on the underlying breaking and entering conviction, following revocation of probation. Defendant was given credit for 13 days of incarceration prior to sentencing but received no credit for the six months imprisonment imposed as a condition of the probation order. Defendant appeals as of right the waiver of counsel at his revocation hearing and the credit time provision of his sentence.

Our examination of the record reveals no error with respect to defendant's waiver of counsel at the probation revocation hearing. We do, however, agree with defendant that he should receive sentence credit for the six month imprisonment served as a condition of probation.

Prior decisions of this Court that defendants are not entitled to such credit indicate an obligation to respect legislative intent as purportedly manifested in the probation statute which provides:

"In case such probation order is terminated or revoked the court may proceed to sentence such probationer in the same manner and to the same penalty as it might have done if such probation order had never been made." MCL 771.4; MSA 28.1134,

and the presentence credit statute which states:

"Whenever any person is hereafter convicted of any

crime within this state and has served any time in jail prior to sentencing *because of being denied or unable to furnish bond* for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing." MCL 769.11b; MSA 28.1083(2). (Emphasis added.) See *People v Sturdivant,* 97 Mich App 711; 296 NW2d 157 (1980) *People v Jaynes,* 23 Mich App 360; 178 NW2d 558 (1970).

Contrary to the position taken by the *Jaynes* Court and the *Sturdivant* majority, we do not read a bar to such credit in the probation statute. One may not logically infer from the fact that a probation violator may be sentenced to the same penalty that the court might originally have imposed that jail time credit on such sentence is prohibited.

An examination of the procedures followed in other jurisdictions with similar statutory schemes supports the contrary position. In both Florida and California, which refuse to grant credit for probation in general, a defendant is entitled to credit for jail time served as a condition of probation. Fla Stat Ann 948.06, *Hutchinson v State,* 360 So 2d 1160 (Fla App, 1978), *Evans v State,* 356 So 2d 1355 (Fla App, 1978), Cal Penal Code §§ 1203.1-1203.3, *People v Ham,* 44 Cal App 3d 288, 295; 118 Cal Rptr 591 (1975). In Illinois, where it is within the discretion of the trial court to credit the entire period of probation against a sentence of imprisonment following revocation, 38 Ill Ann Stat 1005-6-4(h), defendant is nevertheless entitled to credit for all jail time previously served for the underlying offense. 38 Ill Ann Stat 1005-8-7(b). See *People v Dixon,* 41 Ill App 2d 910; 354 NE2d 638 (1976). *Contra,* Wis Stat Ann 973.10, *State v Wills,* 69 Wis 2d 489; 230 NW2d 827 (1975).

Neither do we find a barrier to granting such

credit under the terms of the sentence credit statute. Even though the language apparently restricts its application to time served in jail *prior* to sentencing due to the *unavailability of bond,* this Court has on several occasions demonstrated a willingness to construe it liberally. *People v Stange,* 91 Mich App 596, 599; 283 NW2d 806 (1979). See KAUFMAN, J., dissenting in *Sturdivant, supra.* The instant case presents one more factual circumstance in which the credit statute should apply.

Finally, our efforts to discern some valid policy for denying credit in this instance have proved fruitless. In *People v Lacy,* 54 Mich App 471, 476; 221 NW2d 199 (1974), Judge ALLEN offered the following rationale for denying defendant's request for credit for the *entire* probationary period upon revocation and sentencing:

"A person placed on probation has an obvious interest in avoiding incarceration. If credit were granted in a situation such as the instant one, trial courts might be reluctant to grant probation. The effectiveness of the tool for securing compliance with the terms of probation would be vitiated if credit were granted for time previously spent thereon. Were defendant to prevail, it would be a victory for defendant but a Pyrrhic victory for future defendants. A trial court could well be discouraged in the important and necessary exercise of discretion in sentencing defendants in a manner relevant to their respective characteristics and to the crime involved. The state also has an interest in avoiding the expenses attendant to incarceration, and in seeking the effective rehabilitation and continued usefulness of its citizens outside of prison walls. The above have led this Court to conclude that a 'compelling state interest' justified the withholding of credit for time spent on probation, and we find that the trial court did not err in crediting defendant only with time he had previously spent in jail."

See *United States v Evers,* 534 F2d 1186 (CA 5, 1976), *Holder v United States,* 546 F2d 616 (CA 5, 1977).

While this reasoning is sound with respect to credit for *all* the time spent on probation, its application to the initial period of incarceration imposed as a condition of probation pursuant to MCL 771.3; MSA 28.1133 is questionable. During that time, as in any other sentence of imprisonment, the defendant is subjected to total loss of liberty. We do not conclude that the incentive to comply with the conditions of probation is threatened by granting credit for jail time only.

In *Stange, supra,* this Court held that a defendant, ordered by the trial court to a drug rehabilitation center pursuant to the delayed sentencing statute, MCL 771.1; MSA 28.1131, was entitled to credit against his ultimate sentence for time expended therein. In response to the prosecutor's attempt to distinguish the situation presented here, the Court reasoned:

"Significantly, the crediting statute applies to the time spent in jail *prior* to sentencing, MCL 769.11b. However, jail time served as part of probation is *subsequent* to sentencing and, therefore, not entitled to any legislatively mandated credit upon revocation."

When phrased somewhat differently, the thrust of this position becomes fuzzy. In other words, a defendant who spends time in jail *prior* to sentencing is subsequently credited with that time so that it is considered a portion of his sentence already served. A defendant placed on probation who spends time in jail as *part* of his sentence is not entitled to have that period considered as time already served upon revocation even though it was attended by none of the benefits incident to the

non-custodial remainder of probation. The obvious desirability of a sentence of probation is the avoidance of incarceration. However, the initial period of imprisonment served as a condition of probation should be treated no differently than any other time defendant serves in jail in connection with the offense for which he is ultimately sentenced.

Remanded for resentencing or entry of credit in conformity with this opinion.