PEOPLE v PHILLIPS

Docket No. 48384. Submitted December 8, 1980, at Lansing.—Decided
    March 9, 1981.

    Carl J. Phillips pled guilty to probation violation and was resen-
    tenced on the original charge of breaking and entering for
    which probation had been imposed, Bay Circuit Court, Ira W.
    Butterfield, J. He appeals, alleging that the trial court erred in
    failing to credit his subsequent sentence with time served as a
    condition of probation and that the delay between his plea of
    nolo contendere to a subsequent charge of breaking and enter-
    ing which gave rise to the probation violation charge and the
    probation violation hearing violated his right to a speedy trial.
    *Held:*

        1. The trial court erred in failing to credit the defendant's
    sentence with the time during which he was confined as part of
    the probation sentence on the original charge. However, the
    trial court properly denied credit for time during which the
    defendant was confined relative to a separate offense.

        2. The delay between the defendant's plea and his hearing
    did not exceed the statutory limitation, nor did the defendant
    demonstrate any prejudice occasioned by the delay.

        Affirmed.

1. CRIMINAL LAW — SENTENCING — PROBATION — CREDIT FOR TIME
    SERVED.

    A criminal defendant, to be entitled to credit for time spent in
    confinement prior to sentencing, must have been confined in
    connection with the criminal activity for which he subsequently
    is convicted, including time spent in confinement as part of a
    sentence of probation; where the confinement bears no connec-
    tion to the subsequent conviction, the defendant is not entitled
    to credit.

2. CRIMINAL LAW — SPEEDY TRIAL — STATUTES.

    A delay between the entry of a plea of guilty by an imprisoned

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 548-550.
[2] 21 Am Jur 2d, Criminal Law § 652 *et seq.*

defendant and a subsequent hearing which does not exceed the statutory limitation does not violate the defendant's right to a speedy trial absent a showing of prejudice by the defendant (MCL 780.131; MSA 28.969[1]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Thomas J. Rasdale,* Assistant Prosecuting Attorney, for the people.

*Derrick A. Carter,* Assistant State Appellate Defender, for defendant on appeal.

Before: T. M. BURNS, P.J., and ALLEN and D. F. WALSH, JJ.

PER CURIAM. In January, 1978, defendant pled guilty in Bay County Circuit Court to breaking and entering an occupied dwelling with intent to commit larceny, MCL 750.110; MSA 28.305. On March 6, 1978, defendant was sentenced to five years probation with the first six months to be spent in the Bay County jail. In December, 1978, defendant was charged with breaking and entering an unoccupied dwelling with intent to commit larceny in Saginaw. To this charge he pled nolo contendere in 1979 in the Circuit Court for Saginaw County and was sentenced to one year in the Saginaw County jail.

On August 31, 1979, defendant was arraigned for probation violation by reason of his plea on the Saginaw breaking and entering charge. To this probation violation charge, he pled guilty on September 5, 1979, and, on September 17, 1979, was sentenced to from 5 to 15 years in prison on the original charge. Despite his request, defendant was not given credit for the six months spent in the Bay County jail when he was originally put on probation, nor was he given credit for some eight months which he allegedly served on the Saginaw

offense.[1] On appeal, defendant asks that, at the very minimum, he be given credit for both the six months spent in jail on the original sentence and the eight months spent in jail on the Saginaw violation. Defendant also contends that more than 180 days elapsed between his plea to the Saginaw offense and the August, 1979, arraignment on the charge of probation violation and, accordingly, that this Court should reverse the probation violation conviction.

Different panels of this Court have come to opposite conclusions on the question of whether credit may be given for time spent in a county jail as a condition of probation. Holding that such credit may not be given are *People v Jaynes,* 23 Mich App 360, 361-362; 178 NW2d 558 (1970), and *People v Sturdivant,* 97 Mich App 711, 714; 296 NW2d 157 (1980). Holding that time spent in a county jail as a condition of probation must be deducted from the sentence imposed for violation of the probation are *People v Stanley Robinson,* 99 Mich App 623; 299 NW2d 13 (1980), and Judge Kaufman's dissenting opinion in *Sturdivant.* Not to be confused with these decisions are cases which uniformly hold that the entire period of good time spent on probation (as distinguished from the time served in jail during the probation period) may not be deducted from the sentence imposed following a probation revocation hearing. *People v Lacy,* 54 Mich App 471; 221 NW2d 199 (1974), *People v Westman,* 53 Mich App 662, 666; 220 NW2d 169 (1974).[2] After giving thoughtful consideration to

[1] Defendant admits that the record is unclear as to how much time was spent and where it was spent on the Saginaw violation.

[2] *Westman* and *Lacy* are cited in plaintiff's brief as authority for holding that jail time served during probation is nondeductible from a probation revocation sentence. This is error since those cases deal only with deductibility of the entire period of good time spent out of jail on probation.

the diverse points of view expressed in the afore-mentioned cases, this panel concludes that the better policy is found in *Robinson.* In that case, Judge KELLY, after first noting that time spent in jail *prior* to the imposition of the original sentence of probation could be deducted, said:

"In other words, a defendant who spends time in jail *prior* to sentencing is subsequently credited with that time so that it is considered a portion of his sentence already served. A defendant placed on probation who spends time in jail as *part* of his sentence is not entitled to have that period considered as time already served upon revocation even though it was attended by none of the benefits incident to the non-custodial remainder of probation. The obvious desirability of a sentence of probation is the avoidance of incarceration. However, the initial period of imprisonment served as a condition of probation should be treated no differently than any other time defendant serves in jail in connection with the offense for which he is ultimately sentenced." *Id.,* 628-629.

Accordingly, defendant is entitled to credit against his present sentence for the six months spent in the Bay County jail for the original offense.

We do not agree that defendant is entitled to credit for the approximately eight months served for the breaking and entry violation in Saginaw. That was a totally separate offense which was in no way connected to the Bay County offense, except that each involved a breaking and entry with intent to commit larceny. As was stated in *People v Groeneveld,* 54 Mich App 424, 427-428; 221 NW2d 254 (1974):

"To be entitled to credit, the time spent in confine-ment must *'bear an intimate and substantial relation-*

*ship to the crime for which such person is subsequently convicted'. Bernoff v Amoroso,* 188 Misc 845, 847; 65 NYS2d 810, 813 (1946). See *People v Noble,* 26 Misc 2d 903; 207 NYS2d 467 (1960); *People v Nagler,* 21 AD2d 490; 251 NYS2d 107 (1964); *Commonwealth v Rundle,* 207 Pa Super 443; 217 A2d 772 (1966). There must be a 'nexus' between a defendant's confinement and his criminal activity. *People v Rosen,* 45 Misc 2d 789; 257 NYS2d 626 (1965). There is no such nexus in the instant case. Defendant's confinement to Traverse City State Hospital was the result of a civil proceeding under MCLA 330.21; MSA 14.811; defendant was ordered committed to the institution by the probate court on a petition filed by his wife. Therefore, Groeneveld's commitment to the state hospital bears no relationship to his subsequent conviction for felonious assault." (Emphasis supplied.)

In *People v Face,* 88 Mich App 435, 439; 276 NW2d 916 (1979), the defendant was arrested in Lenawee County for passing $2,000 worth of bad checks in both Lenawee and Hillsdale Counties. She was placed on probation in Lenawee County with the first six months to be spent in the county jail. After serving the six-month period, she formally was arrested in Hillsdale County where she remained in jail seven days before she posted bond and thereafter was sentenced to five years probation. Before the five-year period terminated, defendant was arrested for violating the terms of the five-year probation and was sentenced to from 3 to 14 years imprisonment. On appeal, she claimed that she was entitled to credit for the six months she spent in the Lenawee County jail. Our Court rejected the claim saying:

"Reviewing again the applicable statute, it is difficult to credit the argument defendant proffers. The time

spent in the Lenawee County jail was for a sentence imposed in another case." *Id.,* 439-440.[3]

Similarly, in the instant case, the time spent in the Saginaw County jail was for a sentence imposed in a different and totally unrelated case.

We turn now to defendant's claim that the entire sentence should be vacated because more than 180 days elapsed between defendant's nolo contendere plea in December, 1978, and the probation violation hearing on August 31, 1979. MCL 780.131; MSA 28.969(1). Defendant errs in two respects. First, it was the offense which occurred in December, 1978. Defendant's nolo contendere plea was made on May 14, 1979, and was accepted by the trial court on May 29, 1979.[4] Thus, only 108 days elapsed between the plea and the arraignment on August 31, 1979.

Further, defendant is not denied due process by reason of the delay between the incident violating the probation and the hearing on the charge of violation of probation unless defendant demonstrates prejudice. *People v Miller,* 77 Mich App 381, 384-386; 258 NW2d 235 (1977). In the instant case, the file discloses that Bay County probation authorities were waiting to see how defendant did on a drug rehabilitation program in Lansing be-

---

[3] For reasons completely different than those in the present case, credit was given for some 143 days of the six-month period spent in the Lenawee County jail. Hillsdale authorities placed a "hold" on defendant and waited to arrest her until she served the Lenawee sentence. The Court held this amounted to consecutive sentencing. *Id.,* 441.

[4] Unfortunately, the date of defendant's nolo plea in the Saginaw proceedings was not given in either plaintiff's or defendant's brief. Nor were the parties able to give the date when asked at oral argument. This Court, therefore, telephoned the Saginaw County Court Administrator who checked the file and stated that the plea was made on May 14, 1979, and was accepted on May 29, 1979.

fore commencing probation violation proceedings. This benefited defendant in two respects. First, it avoided interruption of a program helpful to defendant. Second, if successfully completed, it would be a factor which would mitigate defendant's eventual sentence for probation violation. We find no prejudice to defendant.

Affirmed.