PEOPLE v FULLER

Docket No. 52205. Submitted June 2, 1981, at Grand Rapids.—Decided July 23, 1981.

Kenneth R. Fuller was convicted of conspiracy to deliver a controlled substance and sentenced to a term of probation, the first four months of which were to be spent in jail. After serving the four months the defendant was released, and he subsequently was found guilty of violation of his probation and was sentenced to a term of imprisonment, Bay Circuit Court, Eugene C. Penzien, J. The circuit court did not credit defendant with the four months spent in jail, and the defendant appeals. *Held:*

A defendant must be credited with time served in jail as a condition of probation when sentence is imposed after the defendant's probation is later revoked.

Remanded for entry of sentence credit.

CRIMINAL LAW — SENTENCING — PROBATION REVOCATION — SENTENCE CREDIT.

A defendant who has served time in jail as a condition of probation must receive credit for that time served when he is subsequently sentenced to a term of incarceration for violation of the probation.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Thomas J. Rasdale,* Assistant Prosecuting Attorney, for the people.

*Craig D. Alston,* for defendant on appeal.

Before: R. B. BURNS, P.J., and ALLEN and T. GILLESPIE,* JJ.

REFERENCES FOR POINTS IN HEADNOTE

[1] 21 Am Jur 2d (Rev), Criminal Law § 578.

Right of defendant sentenced after revocation of probation to credit for jail time served as condition of probation. 99 ALR3d 781.

* Circuit judge, sitting on the Court of Appeals by assignment.

PER CURIAM. On August 16, 1979, defendant was convicted of conspiracy to deliver a controlled substance and sentenced to 5 years probation with the first 4 months in county jail. After serving the 4 months in jail defendant was released. On April 11, 1980, defendant was found guilty of violation of his probation. On April 21, 1980, defendant was sentenced to 4 to 7 years imprisonment. Defendant was not credited with the 4 months incarceration which was part of the probation order. Defendant appeals as of right.

The only issue on appeal is whether a trial court must credit a defendant for the time spent in jail as a condition of probation when imposing sentence after the defendant's probation has later been revoked. This Court has answered this question in both the affirmative and the negative. Holding no credit is due are *People v Jaynes,* 23 Mich App 360; 178 NW2d 558 (1970), *People v Westman,* 53 Mich App 662; 220 NW2d 169 (1974), *People v Finn,* 74 Mich App 580; 254 NW2d 585 (1977), *People v Risher,* 78 Mich App 431; 260 NW2d 121 (1977), and *People v Sturdivant,* 97 Mich App 711; 296 NW2d 157 (1980). Holding credit must be given are the strong dissent in *Sturdivant, supra,* and the unanimous decision in *People v Stanley Robinson,* 99 Mich App 623; 299 NW2d 13 (1980).

We find the reasoning in *Stanley Robinson, supra,* to be persuasive and adopt it as our own.

Remanded for entry of credit in conformity with this opinion.