PEOPLE v STURDIVANT

PEOPLE v ROBINSON

Docket Nos. 65414, 65853. Decided November 23, 1981. On application by the defendant in *Sturdivant* and by the people in *Robinson* for leave to appeal the Supreme Court, in lieu of granting leave to appeal, reversed the judgment of the Court of Appeals in *Sturdivant* and remanded the case for correction of the defendant's sentence, and affirmed the judgment of the Court of Appeals in *Robinson.*

Richard L. Sturdivant was convicted on his plea of guilty in Crawford Circuit Court, David W. Fershee, J., of larceny in a building, and was sentenced to 48 months of probation, with the first 6 months to be served in jail. After his release from jail, the defendant was found guilty by E. Patrick Murray, J., of violating the probation, and sentenced to 32 to 48 months in prison, with credit for the time served between his arrest for the probation violation and the date of sentencing. The defendant appealed, claiming that he was also entitled to credit for the time he served as a condition of probation. The Court of Appeals, D. C. Riley, P.J., and R. B. Burns, J. (N. J. Kaufman, J., dissenting), affirmed (Docket No. 78-3968). Defendant makes a delayed application for leave to appeal.

Stanley L. Robinson, Jr., was convicted on his plea of guilty in Otsego Circuit Court, William A. Porter, J., of breaking and entering with intent to commit larceny, and was sentenced to 48 months of probation, with the first 6 months to be served in jail. The defendant was convicted, on his plea of guilty, of violating the probation and sentenced to 3-1/2 to 10 years in prison with no credit for the 6 months served in jail as a condition of probation. The Court of Appeals, Cynar, P.J., and M. J. Kelly and Gillespie, JJ., remanded for resentencing giving the credit (Docket No. 46333). The people apply for leave to appeal. *Held:*

The principles of double jeopardy require giving the defendants credit for time spent in jail as a condition of probation. The basic constitutional guarantee against double punishment

is violated when punishment already exacted for an offense is not fully credited in imposing sentence upon retrial and a new conviction of the same offense, after reversal on appeal. There is no reason for refusing to apply the principle where the initial period of incarceration was a condition of probation rather than a sentence voided by reversal. To hold otherwise would lead to the anomalous result of a defendant suffering longer incarceration as a result of having been placed on probation than if initially sentenced to the maximum prison term possible for the offense.

The judgment of the Court of Appeals in *Sturdivant* is reversed and the case is remanded to the circuit court for correction of the defendant's sentence to reflect the proper credit for time served. The judgment of the Court of Appeals in *Robinson* is affirmed.

97 Mich App 711; 296 NW2d 157 (1980) reversed.

99 Mich App 623; 299 NW2d 13 (1980) affirmed.

*Frank J. Kelley,* Attorney General, and *Robert A. Derengoski,* Solicitor General, for the people.

*Alton Davis,* Prosecuting Attorney, and *Thomas C. Nelson,* Assistant Attorney General, Prosecuting Attorneys Appellate Service, for the people in *Sturdivant.*

*John Dennany,* Prosecuting Attorney, and *Leonard J. Malinowski,* Assistant Attorney General, Prosecuting Attorneys Appellate Service, for the people in *Robinson.*

State Appellate Defender (by *Chari Grove,* for defendant Sturdivant, and *Terence R. Flanagan,* for defendant Robinson).

PER CURIAM. In each of these cases, the defendant was placed on probation, with a condition that he spend the first six months in jail, as

authorized by MCL 771.3; MSA 28.1133.[1] After each defendant was released he violated probation and was sentenced to prison. The question presented by these two applications for leave to appeal is whether a defendant is entitled to credit against the sentence imposed after a finding of probation violation for time spent in custody as a condition of probation. The Court of Appeals panels reached conflicting results. We conclude that credit is required for time served as a condition of probation.

## I

## A

Richard Leroy Sturdivant pled quilty of larceny in a building on October 3, 1977. On December 9, 1977 he was sentenced to four years' probation, with a condition that he spend the first six months in the county jail.[2] After serving at least part of this time, he was released but soon thereafter was arrested and charged with violation of probation. After a hearing, he was found to have violated probation and was sentenced to 32 to 48 months in prison, with credit for the time served between his

---

[1] At the time the defendants were sentenced the statute read:

"As a condition of probation, the court may require the probationer to be imprisoned in the county jail or the house of correction for not more than 6 months, at such time or intervals, which may be consecutive or non-consecutive, within the probation period as the court in its discretion may determine, * * * but the period of confinement shall not exceed the maximum period of imprisonment provided for the offense charged if such maximum period is less than 6 months."

The statute has been amended and now permits up to 12 months' incarceration as a condition of probation. 1980 PA 514.

[2] The defendant was given credit against this six-month incarceration for the one month that he had been in custody before his conviction on the original charge of larceny in a building.

arrest on the probation violation and the date of sentence.

The defendant appealed, claiming that he should have been given credit against his 32-to-48-month sentence for the time he served as a condition of probation. The Court of Appeals affirmed. 97 Mich App 711; 296 NW2d 157 (1980). The majority relied on its interpretation of the Legislature's intent in adopting the probation revocation statute,[3] and on a series of earlier decisions by Court of Appeals panels in similar cases.[4] Judge KAUFMAN dissented, arguing that the statute allowing credit for time served before sentencing was applicable to the case.[5]

The defendant has filed a delayed application for leave to appeal to this Court.

B

Stanley Lee Robinson, Jr., pled guilty of breaking and entering with intent to commit larceny. On April 15, 1978, he was sentenced to four years' probation with the initial six months to be served

---

[3] MCL 771.4; MSA 28.1134:

"It is the intent of the legislature that the granting of probation to one convicted shall be a matter of grace conferring no vested right to its continuance, if, during the period of probation it shall appear to the satisfaction of the sentencing court that the probationer is likely again to engage in an offensive or criminal course of conduct, or that the public good requires revocation or termination of probation previously granted. All probation orders, therefore, shall be revocable or terminable * * *. In case such probation order is terminated or revoked the court may proceed to sentence such probationer in the same manner and to the same penalty as it might have done if such probation order had never been made."

[4] E.g., People v Lacy, 54 Mich App 471; 221 NW2d 199 (1974); People v Jaynes, 23 Mich App 360; 178 NW2d 558 (1970).

[5] MCL 769.11b; MSA 28.1083(2):

"Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing."

in jail. On April 12, 1979, he was arraigned for probation violation. He pled guilty of a violation of probation and was sentenced to 3-1/2 to 10 years in prison on the underlying breaking and entering conviction. He received credit for 13 days' incarceration between his arrest for probation violation and sentencing, but no credit for the time served as a condition of probation.

The Court of Appeals remanded for resentencing giving credit. 99 Mich App 623; 299 NW2d 13 (1980). As had Judge KAUFMAN, dissenting in *Sturdivant,* the Court found the circumstances of the case to be within the jail credit statute.

The prosecutor has applied for leave to appeal to this Court.

## II

As the decisions of the Court of Appeals in these cases demonstrate, the interpretation of MCL 771.3; MSA 28.1133 and MCL 771.4; MSA 28.1134 is not free from doubt. However, we do not base our decision on the interpretation of the statutory language. Rather, we conclude that giving credit is required by the double jeopardy principles enunciated by the United States Supreme Court in *North Carolina v Pearce,* 395 US 711; 89 S Ct 2072; 23 L Ed 2d 656 (1969). In that case, a defendant had served time in prison pursuant to a conviction that had been reversed. On retrial he was again convicted and not given credit for time served when the new sentence was imposed. The Court applied the constitutional guarantees against double punishment and concluded:

"We think it is clear that this basic constitutional guarantee is violated when punishment already exacted for an offense is not fully 'credited' in imposing sen-

tence upon a new conviction for the same offense. The constitutional violation is flagrantly apparent in a case involving the imposition of a maximum sentence after reconviction. Suppose, for example, in a jurisdiction where the maximum allowable sentence for larceny is 10 years' imprisonment, a man succeeds in getting his larceny conviction set aside after serving three years in prison. If, upon reconviction, he is given a 10-year sentence, then, quite clearly, he will have received multiple punishments for the same offense. For he will have been compelled to serve separate prison terms of three years and 10 years, although the maximum single punishment for the offense is 10 years' imprisonment. Though not so dramatically evident, the same principle obviously holds true whenever punishment already endured is not fully subtracted from any new sentence imposed.

"We hold that the constitutional guarantee against multiple punishments for the same offense absolutely requires that punishment already exacted must be fully 'credited' in imposing sentence upon a new conviction for the same offense. If, upon a new trial, the defendant is acquitted, there is no way the years he spent in prison can be returned to him. But if he is reconvicted, those years can and must be returned—by subtracting them from whatever new sentence is imposed." 395 US 718-719. (Footnotes omitted.)

We can discern no basis for refusing to apply this principle to the situation before us, in which the initial period of incarceration was a condition of probation rather than a sentence voided by reversal. To hold otherwise could lead to the anomalous result of a defendant suffering longer incarceration as a result of having been placed on probation than if initially sentenced to the maximum prison term possible for the offense.

Accordingly, pursuant to GCR 1963, 853.2(4), in lieu of granting leave to appeal, we reverse the judgment of the Court of Appeals in *Sturdivant* and remand to the circuit court for correction of

the defendant's sentence to reflect the proper credit for time served. The judgment of the Court of Appeals in *Robinson* is affirmed.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.