PEOPLE *v.* SHAW

1. STATUTES—CONSTRUCTION.
    A fundamental rule of statutory construction is that when two
    statutes encompass the same subject matter, one being general
    and the other specific, the latter will control.

2. FORGERY—UNAUTHORIZED USE OF CREDIT CARD.
    A person obtaining goods through a forged sales slip and the
    unauthorized use of another's credit card commits several
    crimes, any of which he can be charged with.

3. FORGERY—DISCRETION—CREDIT CARDS.
    There was no abuse of discretion in a prosecutor's decision to
    proceed under the general forgery statute, rather than the
    credit card statute, where the facts support a conviction under
    either (CL 1948, § 750.248 as amended by PA 1964, No 101;
    CLS 1961, § 750.219a).

4. FORGERY—CREDIT SALES SLIP—WRITING OBLIGATORY.
    A credit sales slip can be the subject of forgery even though
    it is not within the classical definition of a "writing obliga-
    tory".

Appeal from Genesee, Anthony J. Mansour, J.
Submitted Division 2 October 12, 1970, at Lansing.
(Docket No. 7,468.)    Decided October 26, 1970.
Leave to appeal denied July 1, 1971.  385 Mich 760.

Herschel Shaw was convicted of forgery.  De-
fendant appeals.  Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 50 Am Jur, Statutes §§ 249, 250, 347, 357, 367.
[2, 4] 36 Am Jur 2d, Forgery §§ 21, 24.
[3] 42 Am Jur, Prosecuting Attorneys § 16.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for the people.

*Gary W. Brasseur* for defendant on appeal.

Before: QUINN, P. J., and V. J. BRENNAN and ZIEM,* JJ.

PER CURIAM. Defendant was charged with forgery of a certain obligatory instrument, to-wit: a Citizen's Charge-O-Matic sales slip, contrary to MCLA § 750.248 (Stat Ann 1965 Cum Supp § 28.445), and was convicted upon a jury verdict October 31, 1967.

Defendant asserts that the facts do not support a conviction under the forgery statute, but rather make out a case of unauthorized use of a credit card under CLS 1961, § 750.219a (Stat Ann 1962 Rev § 28.416[1])[1] and asserts that the prosecuting attorney abused his quasi-judicial discretion in proceeding under the general forgery statute, MCLA § 750.248, *supra.*

It is a fundamental rule of statutory construction that when two statutes encompass the same subject matter, one being general and the other specific, the latter will control. However, that rule is not applicable here since the above mentioned statutes do not cover the same subject matter. CLS 1961, § 750.219a, *supra,* made it a misdemeanor to knowingly use a credit card to obtain or attempt to obtain goods, property or services, regardless of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] This statute was substantially amended by PA 1967, No 255, § 1, effective November 2, 1967, so as to no longer deal generally with the misuse of credit cards, but rather to obtaining telephone services by false practices.

whether a forgery is committed. While defendant could have been charged under CLS 1961, § 750.219a, there is nothing in that statute to preclude his being prosecuted under the general forgery statute. See *Vannerson* v. *State* (Tex Crim, 1966), 403 SW2d 791; *McCrory* v. *State* (Miss, 1968), 210 So 2d 877.

A person obtaining goods through a forged sales slip and the unauthorized use of another's credit card commits several crimes, any of which he can be charged with. *People* v. *Searcy* (1962), 199 Cal App 2d 740 (18 Cal Rptr 779, 90 ALR2d 814).

Where the specific credit card offense charged did not necessarily involve the same elements as a more general statutory prohibition, a specific credit card statute will not preclude prosecution or conviction under more general statutes. *Shriver* v. *Graham* (Okla Crim, 1961), 366 P2d 774; *McCrory* v. *State* (Miss, 1968), 210 So 2d 877; *People* v. *Churchill* (1967), 255 Cal App 2d 448 (63 Cal Rptr 312, 24 ALR3d 996).

At the time of the transaction involved herein, both of the foregoing statutes were available to the prosecuting attorney, and we find no abuse of discretion in his decision to proceed under the forgery statute, rather than the credit card statute, where the facts support a conviction under either.

Our decision in *People* v. *Hester* (1970), 24 Mich App 475, is contrary to defendant's contention that because a credit sales slip is not within the classical definition of a "writing obligatory" it cannot be the subject of forgery.

Affirmed.