PEOPLE v GASEK

Docket No. 62430. Submitted September 15, 1982, at Lansing.—Decided January 19, 1983.

Dean A. Gasek was convicted, on his plea of guilty, of carrying a dangerous weapon in a motor vehicle, Oakland Circuit Court, Robert B. Webster, J. The defendant had escaped from prison prior to being arrested on the charge to which he pled guilty. He was returned to prison and was not charged with escape. The defendant appeals alleging that the trial court erred in failing to grant him credit for the time he served in prison while incarcerated for the previous conviction when it sentenced him on the current conviction. *Held:*

The defendant was not entitled to credit for time served while incarcerated for another conviction when he was sentenced on the conviction for carrying a dangerous weapon. The trial court erred, however, when it sentenced the defendant to a sentence that would run concurrently with the sentence for his previous conviction. A consecutive sentence was mandated by statute.

Reversed and remanded.

CRIMINAL LAW — CONSECUTIVE SENTENCES — SENTENCE CREDIT.

A defendant who is serving a prison sentence arising from a prior conviction is not entitled to credit for the time spent in prison while incarcerated for the prior conviction before his sentencing on a subsequent conviction where the statute mandates that the second sentence be consecutive (MCL 768.7a, 769.11b; MSA 28.1030[1], 28.1083[2]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Richard H. Browne,* Assistant Prosecuting Attorney, for the people.

REFERENCE FOR HEADNOTE
21 Am Jur 2d, Criminal Law § 552.

*Barbara J. Safran,* for defendant on appeal.

Before: R. B. Burns, P.J., and Allen and M. J. Kelly, JJ.

R. B. Burns, P.J. Defendant pled guilty to carrying a dangerous weapon in a motor vehicle, MCL 750.227; MSA 28.424, on November 2, 1981. He was sentenced according to a plea-bargaining agreement to two and one-half years to five years in prison to run concurrently with the sentence he was then serving. Defendant appeals, alleging that the trial court erroneously failed to grant him credit for time served in jail while incarcerated on another conviction.

Defendant had escaped from prison when he was arrested for the present offense of carrying a dangerous weapon. He was returned to prison and was not charged with escape.

MCL 769.11b; MSA 28.1083(2) provides defendants with credit for presentence incarceration under certain circumstances:

"Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing."

However, MCL 768.7a; MSA 28.1030(1) reads:

"Sec. 7a. (1) A person who is incarcerated in a penal or reformatory institution in this state, or who escapes from that institution, and who commits a crime during that incarceration or escape which is punishable by imprisonment in a penal or reformatory institution in this state shall, upon conviction thereof, be subject to sentence therefor in the manner provided by law for

such crimes. The term of sentence imposed for the crime *shall* commence at the expiration of the term or terms of sentence which the person is serving or has become liable to serve in a penal or reformatory institution in this state." (Emphasis supplied.)

Prior to the amendment of this act in 1976, the act read:

"Sec. 7a. Any person who is now or hereafter incarcerated in any penal or reformatory institution in this state, or who escapes from such institution, and commits a crime punishable by imprisonment in any penal or reformatory institution in this state shall, upon conviction thereof, be subject to sentence therefor in the manner provided by law for such crimes. The term of sentence imposed for such crime *may, at the discretion of the court* pronouncing judgment in such cause, commence forthwith or at the expiration of the term or terms of sentence which such person is serving or has theretofore become liable to serve in any penal or reformatory institution in this state." (Emphasis supplied.)

The trial court erred when it sentenced the defendant to a concurrent sentence. Prior to the statute's amendment in 1976, the court had discretion to sentence a person who had committed a crime while an escapee to the concurrent sentence or a consecutive sentence. The amendment in 1976 restricted the court and mandated a consecutive sentence.

Inasmuch as the defendant's sentence does not start until the expiration of his prior sentence, he is not entitled to credit for time served while incarcerated on another offense.

As the terms of the sentence were part of the plea-bargaining agreement, the trial court is reversed and the case is remanded to the trial court for proceedings consistent with this opinion.

Reversed and remanded.