PEOPLE v WINCHELL

Docket Nos. 74838, 74839. Submitted December 6, 1984, at Lansing.—
Decided May 21, 1985. Leave to appeal applied for.

John R. Winchell was convicted of breaking and entering an
unoccupied building and larceny from a motor vehicle in the
Bay Circuit Court. He subsequently was convicted, on his plea
of guilty, of receiving and concealing stolen property. He was
sentenced to concurrent terms of five years probation on the
breaking and entering and larceny from a motor vehicle convic-
tions, with the first year to be served in the county jail.
Defendant was given credit for 38 days against the one-year jail
term, so that the release date was January 31, 1983. Defendant
was sentenced on the receiving and concealing stolen property
conviction to five years probation, to begin on January 31, 1983,
with the condition that defendant reside at the Bay Fresh Start
Halfway House Program. Upon violation of his probation he
was sentenced to the Friendship House, a residential substance
abuse program. Upon violation of this probation, defendant was
sentenced to concurrent prison terms of 5 to 10 years on the
breaking and entering conviction and 40 to 60 months on the
larceny from a motor vehicle conviction and a consecutive term
of 2 to 5 years imprisonment on the receiving and concealing
stolen property conviction, William J. Caprathe, J. The latter
sentence was consecutive because the offense was committed
while defendant was on bond for the two prior offenses. He was

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law § 548 et seq.

60 Am Jur 2d, Penal and Correctional Institutions § 58 et seq.

When is federal prisoner entitled, under 18 USCS § 3568, to credit
for time spent in state custody "in connection with" offense or
acts for which federal sentence was imposed. 47 ALR Fed 755.

Defendant's right to credit for time spent in halfway house, rehabil-
itation center, or similar restrictive environment as a condition of
pretrial release. 29 ALR4th 240.

Right of defendant sentenced after revocation of probation to credit
for jail time served as condition of probation. 99 ALR3d 781.

Right to credit for time spent in custody prior to trial or sentence.
77 ALR3d 182.

Withdrawal, forfeiture, modification or denial of good-time allow-
ance to prisoner. 95 ALR2d 1265.

not given credit for time served in the halfway house and the substance abuse program. Defendant appealed. *Held:*

The statute which provides that a defendant is to be credited with jail time served prior to sentencing is remedial in nature and is to be construed liberally. A defendant must be given credit against his sentence for time spent in confinement pursuant to governmental authority, regardless of the place of confinement. Defendant should have been given credit for the time served in those institutions. Since the sentences are consecutive, credit should be given on only one of the sentences.

Convictions affirmed and case remanded for resentencing.

1. CRIMINAL LAW — SENTENCING — CREDIT AGAINST SENTENCE — STATUTES.

The statute which provides that a defendant is to be credited with jail time served prior to sentencing is remedial in nature and is to be construed liberally (MCL 769.11b; MSA 28.1083[2]).

2. CRIMINAL LAW — SENTENCING — CREDIT AGAINST SENTENCE — STATUTES.

A defendant must be given credit against his sentence for time spent in confinement pursuant to governmental authority, regardless of the place of confinement; a defendant who was sentenced to probation on the condition that he reside at the Bay Fresh Start Halfway House Program and, later, at the Friendship House, a residential substance abuse program, is entitled to credit for time served in those institutions where he is later sentenced as a probation violator (MCL 769.11b; MSA 28.1083[2]).

*Frank J. Kelley,* Attorney General, *Louis J. Caurso,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Thomas J. Rasdale,* Assistant Prosecuting Attorney, for the people.

*Thomas J. Bleau,* for defendant.

Before: J. H. GILLIS, P.J., and M. J. KELLY and K. N. SANBORN,* JJ.

PER CURIAM. The issue in this case is whether defendant is entitled to credit against his prison

* Circuit judge, sitting on the Court of Appeals by assignment.

sentences for time spent in a residential halfway house and a substance abuse program. We hold that he is entitled to credit.

In October, 1981, defendant was convicted at a nonjury trial of breaking and entering an unoccupied building, MCL 750.110; MSA 28.305, and larceny from a motor vehicle, MCL 750.356a; MSA 28.588(1). (Docket No. 74839). He subsequently pled guilty to receiving and concealing stolen property, MCL 750.535; MSA 28.803. (Docket No. 74838). On March 10, 1982, he was sentenced to concurrent terms of five years probation on the breaking and entering and larceny from a motor vehicle convictions, with the first year to be served in the county jail. Defendant was given credit for 38 days against the one-year jail term, so that the release date was January 31, 1983.. Defendant was sentenced on the receiving and concealing conviction to five years probation, to begin on January 31, 1983, with the condition that defendant reside at the Bay Fresh Start Halfway House Progarm.

Defendant left the Bay Fresh Start Program without permission in May, 1983, and a petition for violation of probation was filed. He later turned himself in and, in June, 1983, pled guilty to violating the terms of his probation. On July 26, 1983, he was sentenced to the Friendship House, a residential substance abuse program. Defendant left the Friendship House without permission in August, 1983, and a new violation of probation petition was filed. Defendant was arrested and, in September, 1983, pled guilty to probation violation. On October 19, 1983, defendant was sentenced to concurrent prison terms of 5 to 10 years on the breaking and entering conviction and 40 to 60 months on the larceny from a motor vehicle conviction. He was also sentenced to a consecutive term of 2 to 5 years imprisonment on the receiving

and concealing stolen property conviction. The latter sentence was consecutive because the offense was committed while defendant was on bond for the two prior offenses. Defendant appeals as of right.

The sentence credit statute, MCL 769.11b; MSA 28.1083(2), provides:

"Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing."

In *People v Sturdivant*, 412 Mich 92; 312 NW2d 622 (1981), the defendants were sentenced to terms of probation with the condition that six months be served in the county jail. The defendants were subsequently found to have violated their probation and were sentenced to prison on the underlying convictions. The Supreme Court held that defendants were entitled under the double jeopardy clause to credit against their prison terms for the time spent in the county jail. The Court noted that:

"To hold otherwise could lead to the anomalous result of a defendant suffering longer incarceration as a result of having been placed on probation than if initially sentenced to the maximum prison term possible for the offense." 412 Mich 97.

The question we must answer is whether the *Sturdivant* holding also applies to probationary time spent by defendant in the Bay Fresh Start Halfway House Program and the Friendship House Program.

The sentence credit statute is remedial in nature and should be given a liberal construction. *People v Stange,* 91 Mich App 596, 600; 283 NW2d 806 (1979). In *People v Gravlin,* 52 Mich App 467; 217 NW2d 404 (1974), the defendant was adjudicated incompetent to stand trial and committed to the Ionia State Hospital. Three years later he was found competent to stand trial. He was tried and convicted, and sentenced to life imprisonment without credit for the time spent in the hospital. A panel of this Court held that the defendant was entitled to credit for time spent in custody at the mental hospital prior to sentencing. The Court opined:

"A 'jail' means a place of confinement and a mental hospital is such a place. A defendant must be given credit against his sentence for time spent in confinement pursuant to governmental authority, regardless of the place of confinement. *People v Noble,* 26 Misc 2d 903; 207 NYS2d 467 (1960)."

In *People v Stange, supra,* the defendant was convicted and, pursuant to the delayed sentencing statute, MCL 771.1; MSA 28.1131, he was ordered to go to the Odyssey-Rubicon House, a drug rehabilitation center. The defendant left the center without permission and was subsequently sentenced to prison on the underlying offense, without credit for time spent at the center. The Court of Appeals found that the order requiring defendant to reside at the rehabilitation center amounted to confinement analogous to jail and that defendant was therefore entitled to credit.

In the present case, defendant was required by court order to reside at the Bay Fresh Start Halfway House and the Friendship House programs. These programs are designed to strictly regiment

and control the residents' activities. In both instances, defendant was found to have violated his probation by leaving the program without permission. In view of our duty to construe the jail credit statute liberally, we believe that, for purposes of the statute, defendant's court-ordered residence in the programs was tantamount to confinement in jail. Defendant is therefore entitled to credit for time spent in the programs.

We note that the sentence imposed in Docket No. 74838 is to run consecutively to the two sentences imposed in Docket No. 74839. Defendant is entitled to only a single credit against the concurrent sentences in No. 74839. Where consecutive sentences are imposed, granting credit in both files would amount to a double credit and would defeat the purposes of the consecutive sentence. *People v Cantu,* 117 Mich App 399, 402-403; 323 NW2d 719 (1982), and *People v Gasek,* 122 Mich App 523; 332 NW2d 520 (1983).

Defendant's convictions are affirmed, and the case is remanded for computation of the sentence credits in light of this opinion.

Remanded. We do not retain jurisdicition.