Per Curiam.
 

 On April 18, 1983, defendant pled guilty to attempted breaking and entering a motor vehicle, MCL 750.356a; MSA 28.588(1), MCL 750.92; MSA 28.287 (Docket No. 79546). On August 1, 1983, he pled guilty to unlawfully driving away an automobile, MCL 750.413; MSA 28.645 (Docket No. 78944), which offense he committed pending sentence in the other case. Defendant appeared for sentencing in both cases on September 6, 1983. The court sentenced defendant to five years’ probation for the attempted breaking and entering conviction, on condition that defendant "remain in residence” at a local substance abuse treatment facility and comply with the program rules of the facility. The court deferred sentence in the other case for nine months.
 

 On March 23, 1984, defendant pled guilty to violating his probation by using marijuana. He had been in jail since December 14, 1983. On April 9, 1984, the trial court pronounced sentence in both cases. The court sentenced defendant to 20 to 30 months’ imprisonment for the attempted breaking and entering, and a term of 40 to 60 months for the joyriding offense, to be served consecutively. These terms exceeded those suggested by the sentencing guidelines. The judge explained the departures by reference to defendant’s admission of several probation violations, including the marijuana possession, defendant’s failure to abide by the rules of the treatment facility, defendant’s need of treatment for his substance abuse problem, and the need to isolate defendant from the community until he could be rehabilitated. In docket
 
 *785
 
 no. 79546, involving the attempted breaking and entering conviction, the judge refused to grant defendant credit for the time he spent in the treatment facility as a condition of probation.
 

 Defendant appeals as of right, claiming that the trial court did not give adequate reasons for departing from the sentencing guidelines and that the terms imposed should shock the conscience of this Court.
 
 People v Coles,
 
 417 Mich 523; 339 NW2d 440 (1983). These claims lack merit. Defendant also argues that he should have received credit for time spent in residence at the treatment facility. We agree.
 

 The sentences do not shock the conscience of this Court. An excessively severe sentence is "one which far exceeds what all reasonable persons would perceive to be an appropriate social response to the crime committed and the criminal who committed it”. 417 Mich 542-543. Defendant’s juvenile record shows that the present cases do not represent his first involvement with the criminal justice system. The trial court nevertheless gave defendant an opportunity to prove himself worthy of lenient treatment, but he was not equal to the task. The terms imposed fall within the range of the sentencing judge’s discretion, as defined in
 
 Coles, supra.
 

 When it mandated use of the sentencing guidelines, the Supreme Court stated: "The judge may depart from the recommended minimum range for the reasons, and in the manner, prescribed by the guidelines.” Administrative Order No. 1984-1, 418 Mich lxxx. In this case, the sentencing judge complied with this procedure by stating his reasons on the record. Sentencing Guidelines Manual, § 27;
 
 People v Fleming,
 
 142 Mich App 119; 369 NW2d 499 (1985). His reasons include the special circumstances of these cases which do not receive consid
 
 *786
 
 eration through application of the guidelines. The multiple violations of the court’s probation order, for example, add nothing to the term recommended by the guidelines. Only if defendant was on probation when he committed the original offense would he risk an increase in the recommended term, and that limited to a single point. Sentencing Guidelines Manual, §3, PRV 7. In addition, unconvicted criminal conduct has no effect on the recommended sentence. Only convictions or juvenile adjudications add points to the offender’s prior record score. Defendant admitted smoking marijuana, classified as a misdemeanor under current law. MCL 333.7403; MSA 14.15(7403).
 

 The trial court’s reasons for departure also included the need to discipline defendant and facilitate successful treatment of his substance abuse problem. It was the court’s expressed hope that defendant could undergo rehabilitation, but the court felt (and this feeling is amply supported by the record) that society deserved protection from defendant while he was administered corrective treatment. Contrary to defendant’s argument, these reasons are not mere platitudes designed to conceal an abuse of judicial discretion. They are among "the proper criteria for determining an appropriate sentence”.
 
 Coles, supra,
 
 p 550;
 
 People v Snow,
 
 386 Mich 586, 592; 194 NW2d 314 (1972). The sentencing judge did not utter a set of magic words in perfunctory fashion, but applied these criteria to defendant’s specific situation in a reasonable way. We find no abuse of discretion.
 

 We agree with defendant’s assertion that he is entitled to credit for time spent in residence at the treatment facility.
 
 People v Stange,
 
 91 Mich App 596; 283 NW2d 786 (1979). The prosecutor argues that defendant should receive no credit because he
 
 *787
 
 had already been sentenced to probation during the period in question. See, MCL 769.11b; MSA 28.1083(2). This view lacks merit in light of
 
 People v Sturdivant,
 
 412 Mich 92; 312 NW2d 622 (1981), in which the Court held, as a matter of constitutional law, that time spent in confinement as a condition of probation must be subtracted from the sentence imposed after a probation violation.
 

 The record indicates that the treatment facility’s program was restrictive enough for defendant’s time there to be considered "time spent in confinement”.
 
 Stange, supra,
 
 p 600;
 
 People v Gravlin,
 
 52 Mich App 467, 469; 217 NW2d 404 (1974). When he placed defendant on probation, the trial judge noted that defendant would be "monitor[ed]”, so that his whereabouts would be known by the authorities. When he sentenced defendant on April 9, 1984, the trial judge described defendant’s violations of the rules of the treatment facility:
 

 "* * *When you’re on probation, you’re in a halfway house, which is the — the alternative to prison; you’re on your way to an NA meeting and then you smoke marijuana and end your stay in that setting; it to me, is a serious matter. Not only that, he had the other violations that were referred to — the violation of the improper destination, and obtaining funds and not reporting it to Fresh Start; we had him — also another improper destination, stopping with the young lady behind the restaurant and having sex with her on more than one occasion, she was 16 years old. Those were violations of the rules of Fresh Start. He didn’t tell them that he was going there, or where he was goin’, or what he what he was doing
 
 [sic].
 
 And then the marijuana violation, so he’s really had three violations. They couldn’t deal with him any more, and I think he’s shown us that he just can’t handle a probation, even if it’s an intense probation.”
 

 It appears that defendant could do very little,
 
 *788
 
 absent permission of the authorities, without risking arrest. As in
 
 Stange, supra,
 
 pp 600-601, defendant would have been arrested if he had attempted to depart. In that sense, "the circumstances under which defendant was ordered to the rehabilitation center amounted] to a confinement analogous to jail”.
 
 Stange, supra,
 
 p 600.
 

 We also note that another panel of this Court recently reached an identical conclusion with respect to this very same program.
 
 People v Winehell,
 
 143 Mich App 164; 371 NW2d 514 (1985). The Court held as follows:
 

 "In the present case, defendant was required by court order to reside at the Bay Fresh Start Halfway House and the Friendship House programs. These programs are designed to strictly regiment and control the residents’ activities. In both instances, defendant was found to have violated his probation by leaving the program without permission. In view of our duty to construe the jail credit statute liberally, we believe that, for purposes of the statute, defendant’s court-ordered residence in the programs was tantamount to confinement in jail. Defendant is therefore entitled to credit for time spent in the programs.”
 
 Winchell, supra,
 
 p 169.
 

 The prosecutor’s reliance on
 
 People v Chamberlain,
 
 136 Mich App 642; 358 NW2d 572 (1984), is misplaced, because that decision concerned the statute governing conditions of probation, MCL 771.3; MSA 28.1133, and had nothing to do with sentence credit. See,
 
 Chamberlain, supra,
 
 p 645.
 

 We do not mean to say that credit must be given for time spent in any drug treatment facility, but only that the facility was restrictive enough in this case to be considered a place of confinement. In many cases, the offender may come and go from such facilities as he pleases. Nor do we suggest that, because a defendant is subject to arrest for
 
 *789
 
 violating the rules of a facility, it must automatically be considered a place of confinement. In each case, the court should consider the relative restrictiveness of the rules themselves, not the consequences of a rule violation.
 

 The judgments are affirmed in both cases, but we remand docket no. 79546 for amendment of the sentence to give defendant credit for time spent in the treatment program.