PEOPLE v GREENE

Docket No. 81451. Submitted June 18, 1985, at Lansing.—Decided September 4, 1985. Leave to appeal denied, 424 Mich 872.

Bruce W. Greene was convicted on his plea of guilty in Bay Circuit Court, John X. Theiler, J., of unlawful use of a motor vehicle and was sentenced to four years probation, with defendant serving the first 30 days in jail and, upon his release from jail, residing at Bay Fresh Start, a residential treatment facility funded by the Department of Corrections. While at Bay Fresh Start, defendant violated his probation. Defendant pled guilty to probation violation and the four-year probation term was continued but on the condition that he serve a one-year jail term, with credit being given to the jail time already served. Defendant appealed, claiming that he should have been given credit against the one-year jail term for the time he spent at Bay Fresh Start and that, because unlawful use of a motor vehicle is classified as a misdemeanor, the maximum term of probation which could be imposed was two years. *Held:*

1. Since the defendant is statutorily entitled to credit for all prior time served, and since the Bay Fresh Start program involved a restrictive environment which was tantamount to confinement, defendant was entitled to have the time spent at Bay Fresh Start credited against the one-year jail term he received as part of the order of probation entered following his conviction for parole violation.

2. Although unlawful use of a motor vehicle is classified as a misdemeanor in the Penal Code, it is a felony for the purpose of the Code of Criminal Procedure because the maximum sentence for the violation is greater than one year. It being a felony under the Code of Criminal Procedure, a term of probation of up to five years could be imposed.

Conviction affirmed, but remanded for computation of sentence credit.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] Am Jur 2d, Criminal Law §§ 567 *et seq.*

　　Right of defendant sentenced after revocation of probation to credit for jail time served as condition of probation. 99 ALR3d 781.

[2] Am Jur 2d, Automobiles and Highway Traffic §§ 348 *et seq.*

　　See the annotations in the ALR3d/4th Quick Index under topic Automobiles and Highway Traffic § 5.

1. CRIMINAL LAW — SENTENCING — CREDIT AGAINST SENTENCE — PROBATION.

   A defendant who, as a condition of probation, is required to reside at Bay Fresh Start, a residential treatment facility funded by the Department of Corrections, who is subsequently found in violation of his probation and who, as a condition of a new order of probation, is ordered to spend time in jail is entitled to credit against the jail term imposed under the second order of probation for the time spent at the residential treatment facility pursuant to the first order of probation (MCL 769.11b; MSA 28.1083[2]).

2. CRIMINAL LAW — UNLAWFUL USE OF MOTOR VEHICLE — MISDEMEANORS — FELONIES — CODE OF CRIMINAL PROCEDURE — PROBATION.

   The offense of unlawful use of a motor vehicle, although classified as a misdemeanor in the Penal Code, is classified as a felony for purposes of the Code of Criminal Procedure since it is an offense for which the offender may be imprisoned for more than one year; accordingly, one convicted of unlawful use of a motor vehicle may be sentenced to a term of probation of up to five years (MCL 750.414, 761.1[g], 771.2; MSA 28.646, 28.843[g], 28.1132).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Martha G. Mettee,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Shiela N. Robertson),* for defendant on appeal.

Before: ALLEN, P.J., and WAHLS and J. P. O'BRIEN,* JJ.

PER CURIAM. Defendant pled guilty to unlawful use of a motor vehicle, MCL 750.414; MSA 28.646, and was sentenced to four years probation. The probation was conditional on defendant's serving the first 30 days in the Bay County Jail and, upon

* Recorder's court judge, sitting on the Court of Appeals by assignment.

his release from jail, residing at Bay Fresh Start, a residential treatment facility. Subsequently, defendant violated his probation by not complying with the Bay Fresh Start program rules. He pled guilty to probation violation and was continued on probation but, as a condition of the probation, was sentenced to a one-year jail term, with credit given for time already served. He now appeals as of right.

Defendant first alleges that he should be given credit against his one-year jail sentence for the time he previously spent at Bay Fresh Start.

The prosecutor's argument that defendant should receive no credit because he had already been sentenced to probation for the period in question lacks merit. In *People v Sturdivant,* 412 Mich 92; 312 NW2d 622 (1981), the Court held, as a matter of constitutional law, that time spent in confinement as a condition of probation must be subtracted from the sentence imposed after a probation violation. We find *People v Chamberlain,* 136 Mich App 642; 358 NW2d 572 (1984), on which the lower court relied, to be distinguishable because *Chamberlain* rested on the statute governing conditions of probation, MCL 771.3; MSA 28.1133, and had nothing to do with the sentence credit statute, MCL 769.11b; MSA 28.1083(2).

In this case, the fact that the defendant was sentenced to jail, as a condition of his probation, is inconsequential to our analysis. The real issue is the sentence credit statute. As the Court noted in *Chamberlain, supra,* pp 647-648, the sentence credit statute is to be liberally construed. The same liberal construction is not applicable to the statute governing the conditions of probation.

We find this case to be somewhat analogous to *People v Strange,* 91 Mich App 596; 283 NW2d 806 (1979), in which the lower court invoked the de-

layed sentencing statute, MCL 771.1; MSA 28.1131, and directed defendant to a drug rehabilitation center. When defendant left the center early, he was sentenced to from 6 to 15 years in prison with no time given for the 170 days he spent at the center. This Court reversed, citing *People v Gravlin,* 52 Mich App 467, 469; 217 NW2d 404 (1974), which held that: "A defendant must be given credit against his sentence for time spent in confinement pursuant to governmental authority, regardless of the place of confinement."

A review of the record shows that Bay Fresh Start is funded by the Department of Corrections. The program is designed to strictly regiment and control the residents' activities. We feel that such a restrictive environment is tantamount to confinement, and, as such, defendant is entitled to credit for time served at Bay Fresh Start.

Finally, we note that two other panels of this Court have recently reached the same conclusion we do with respect to an almost identical issue. *People v Winchell,* 143 Mich App 164; 371 NW2d 514 (1985); *People v Burton Smith,* 143 Mich App 782; 372 NW2d 660 (1985). *Winchell* also dealt with the Bay Fresh Start program and the Court found it restrictive enough to constitute confinement. Although in both *Winchell* and *Smith* the defendants were sentenced to prison after violating their probation, as opposed to being continued on probation but sent to jail, we do not feel the distinction mandates a different result. The defendant here was given credit for time served in the county jail and, since we hold that time spent at Bay Fresh Start is tantamount to confinement, he should also be given sentence credit for that time as well.

We disagree with defendant, however, as to his second allegation of error. He argues that the

offense for which he was convicted is a misdemeanor and thus, pursuant to MCL 771.2; MSA 28.1132, he cannot be sentenced to more than two years probation. In the Penal Code, the unlawful use of a motor vehicle is classified as a misdemeanor. However, the Code of Criminal Procedure, MCL 761.1(g); MSA 28.843(g), defines a felony as an offense for which the offender may be imprisoned for more than one year. The statutes governing length of probation and defining a felony are both found in the Code of Criminal Procedure, which was enacted after the Penal Code. The Legislature, when enacting a statute, is presumed to have knowledge of existing statutes. *People v Rosecrants,* 88 Mich App 667, 670; 278 NW2d 713 (1979).

Also, our Supreme Court has recently decided that an offense is a felony "so long as the statutory maximum is for more than one year". *People v Blyth,* 417 Mich 430, 437; 339 NW2d 399 (1983). Since the statutory maximum sentence for unlawful use of a motor vehicle is two years, the offense is a felony and a probation sentence of up to five years may be imposed. See *People v Hathcox,* 135 Mich App 82, 86; 351 NW2d 903 (1984), and *People v Reuther,* 107 Mich App 349, 352-353; 309 NW2d 256 (1981).

Defendant's conviction is affirmed, and the case is remanded for computation of the sentence credit in light of this opinion.