PEOPLE v MORIN

Docket No. 88854. Submitted April 8, 1986, at Lansing. Decided April 21, 1987.

Leon C. Morin II pled guilty to larceny in a store and attempted larceny in a store before the Bay Circuit Court, Eugene C. Penzien, J. The court placed defendant on probation, one condition of which was residency at the Rubicon/Odyssey House, a state-licensed residential drug rehabilitation program. Defendant was later ordered to maintain his residence at Bay Fresh Start, a halfway house, and comply with all the rules, regulations and requirements of that program. Defendant was subsequently found in violation of the probation order and sentenced to prison terms of from thirty-two to forty-eight months and from sixteen to twenty-four months. Credit for 277 days spent in jail was given to defendant but no credit was given for the time defendant spent at the Rubicon/Odyssey House and Bay Fresh Start. Defendant appealed, claiming that the sentence imposed should shock the judicial conscience of the Court of Appeals and that credit should have been given for time spent at Rubicon/Odyssey House and Bay Fresh Start.

The Court of Appeals *held:*

1. The sentence imposed did not shock the conscience of the Court of Appeals in light of defendant's prior record and his inability to reform through means other than incarceration.

2. The sentence credit statute, MCL 769.115; MSA 28.1083(2), which requires a sentencing court to grant credit for any time spent in jail prior to sentencing, has no application in this case. Defendant's court-ordered residency at Rubicon/Odyssey House and Bay Fresh Start was subsequent to sentencing.

3. Pursuant to MCL 771.4; MSA 28.1134, where an order of probation is terminated or revoked, a court may proceed to

REFERENCES

Am Jur 2d, Criminal Law § 578.

Defendant's right to credit for time spent in halfway house, rehabilitation center, or other restrictive environment as condition of probation. 24 ALR4th 789.

Right of defendant sentenced after revocation of probation to credit for jail time served as condition of probation. 99 ALR3d 781.

sentence the probationer in the same manner and to the same penalty as it might have done if such probation order had never been made, but time spent in the county jail as a condition of probation shall, under MCL 771.3(2)(a); MSA 28.1133(2)(a), be credited against the sentence imposed. In this case, defendant's residency at Rubicon/Odyssey House was clearly for rehabilitative purposes, not incarceration. Thus, defendant is not entitled to credit for time spent there. The record is unclear as to the nature of defendant's residency at Bay Fresh Start. The Court of Appeals therefore remanded the case for a determination by the sentencing court with instructions that credit must be given for time spent at Bay Fresh Start should the sentencing court determine that such time was tantamount to incarceration.

Affirmed, but remanded with instructions.

ALLEN, P.J., dissented. He would hold that time spent at Rubicon/Odyssey House and Bay Fresh Start is sufficiently restrictive to amount to confinement in the county jail and he would affirm defendant's conviction but allow credit for time spent by defendant both at Rubicon/Odyssey House and Bay Fresh Start.

CRIMINAL LAW — SENTENCING — CREDIT AGAINST SENTENCE — PRO-
BATION.

A defendant who, as a condition of probation, is required to reside at Rubicon/Odyssey House, a state-licensed residential drug rehabilitation program, and is subsequently found in violation of his probation and sentenced to spend time in prison is not entitled to credit against the prison term imposed for time spent at the residential treatment facility (MCL 771.4; MSA 28.1134).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Martha G. Mettee,* Assistant Prosecuting Attorney, for the people.

*Allsop, Fitzgerald & Kolka, P.C.* (by *Arthur M. Fitzgerald*), for defendant.

Before: ALLEN, P.J., and MACKENZIE and J. P. SWALLOW,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

J. P. Swallow, J. On January 13, 1984, defendant pled guilty to larceny in a store, MCL 750.360; MSA 28.592, and attempted larceny in a store, MCL 750.360; MSA 28.592 and MCL 750.92; MSA 28.287. On February 6, 1984, defendant was placed on five years probation. As a condition of his probation, defendant was ordered to the Rubicon/Odyssey House, a state-licensed residential drug rehabilitation program. He entered the Rubicon/Odyssey House in Detroit on March 1, 1984, and was subsequently transferred to the Rubicon/Odyssey House in Flint, where he left without proper authorization on August 6, 1984. Subsequently, defendant was ordered to maintain his residence at Bay Fresh Start, a halfway house, and comply with all the rules, regulations and requirements of that program. On February 12, 1985, a violation of probation petition was initiated alleging violation of the rules of the Bay Fresh Start program for failing to return to the facility on February 12, 1985. On February 28, 1985, defendant was found in violation of the probation order and was resentenced on June 4, 1985, at which time his probation was reinstated and he was released from Bay County Jail.

On July 30, 1985, a petition and bench warrant for violation of probation was signed by the circuit court. The petition alleged that defendant had been involved in criminal activity, to wit: indecent exposure and larceny from a store. On September 6, 1985, defendant was sentenced for both convictions for which probation was imposed, from thirty-two to forty-eight months for larceny in a building, and from sixteen to twenty-four months for attempted larceny in a building. The sentencing judge ordered that the 277 days defendant spent in jail be credited towards his sentence, but refused to give credit for additional time defendant

spent in Rubicon/Odyssey House and Bay Fresh Start.

Defendant raises two issues on appeal. One, defendant claims that the sentences imposed should shock the conscience of this Court. See *People v Coles,* 417 Mich 523, 550; 339 NW2d 440 (1983). Second, defendant contends that he had a statutory right to credit for time served at Rubicon/Odyssey House and Bay Fresh Start.

The sentences imposed do not shock the conscience of this Court. As reasons for the sentences imposed, the trial court took note of the unsuccessful attempts to reform defendant through probation, the need to protect society, and the need to deter others from like conduct. Given defendant's record of convictions for larceny offenses, defendant's long-standing substance abuse problem, and defendant's failure to complete the Rubicon program, we concur in the trial court's judgment that defendant was in need of rehabilitation. Defendant's prior record and inability to reform through means other than incarceration justified substantial incarceration. The sentences imposed by the trial court do not evidence an abuse of discretion which shocks the conscience of this Court.

This Court finds much more troublesome defendant's contention that he is entitled to credit for time spent at the Rubicon House and Bay Fresh Start program. At the heart of the present controversy lie this state's probation statutes, most particularly MCL 771.3; MSA 28.1133, which provides in relevant part:

> (2) As a condition of probation, the court may require the probationer to do 1 or more of the following:
> (a) Be imprisoned in the county jail for not more than 12 months, at the time or intervals, which

may be consecutive or nonconsecutive, within the probation as the court may determine. However, the period of confinement shall not exceed the maximum period of imprisonment provided for the offense charged if the maximum period is less than 12 months.

(b) Pay immediately or within the period of his or her probation, a fine imposed at the time of being placed on probation.

(c) Pay costs pursuant to subsection (4).

(d) Pay restitution to the victim or the victim's estate.

(e) Engage in community service.

* * *

(4) The court may impose other lawful conditions of probation as the circumstances of the case may require or warrant, or as in its judgment may be proper. If the court requires the probationer to pay costs, the costs shall be limited to expenses specifically incurred in prosecuting the defendant or providing legal assistance to the defendant and probationary oversight of the probationer.

Defendant contends that he is entitled to credit for any court-ordered confinement, whether that confinement is in the county jail pursuant to subsection (2)(a) or as an "other condition" of probation pursuant to subsection (4). Defendant relies on the sentencing credit statute, MCL 769.11b; MSA 28.1083(2), and *People v Stange,* 91 Mich App 596; 283 NW2d 806 (1979), in which this Court held that time spent at Rubicon House prior to sentencing must be credited pursuant to the sentencing credit statute. Alternatively, defendant cites *People v Winchell,* 143 Mich App 164; 371 NW2d 514 (1985), lv den 424 Mich 878 (1986), in which this Court held that time spent in Bay Fresh Start as a condition of probation was required to be credited against defendant's ultimate sentence.

The people counter that the jail credit statute has no application to the instant case, and that defendant's proffered construction would work against the rehabilitative purpose of the probation statutes by limiting a trial judge's alternatives with regard to rehabilitative programs and removing incentives for probationers to successfully complete probation programs.

Initially, we agree with the people that the sentence credit statute has no application to the instant case. The statute, MCL 769.11b; MSA 28.1083(2), provides: "Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing . . . the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing." Defendant's court-required residency in Rubicon House and Bay Fresh Start was subsequent to sentencing in the instant case. For that reason, *People v Stange, supra,* cited by defendant, is distinguishable. In *Stange,* the trial court specifically delayed sentencing pursuant to MCL 771.1(2); MSA 28.1131(2) and ordered the defendant to Rubicon House in the interim.

In *People v Winchell, supra,* this Court held that time spent at Bay Fresh Start as a condition of probation must be credited against a defendant's ultimate sentence under the sentence credit statute as time served "in jail" under that statute. See also *People v Greene,* 145 Mich App 580; 378 NW2d 553 (1985), lv den 424 Mich 873 (1986). As outlined above, we believe the sentence credit statute has no application to the facts here or in *Winchell.* To the extent it might be argued that court-required residency as a condition of probation prior to a sentence imposed following a probation violation is time served *prior to sentencing,*

we must conclude that the Legislature did not intend credit for such time served.

MCL 771.4; MSA 28.1134 provides:

> It is the intent of the legislature that the granting of probation to one convicted shall be a matter of grace conferring no vested right to its continuance, if, during the period of probation it shall appear to the satisfaction of the sentencing court that the probationer is likely again to engage in an offensive or criminal course of conduct, or that the public good requires revocation or termination of probation previously granted. . . . *In case such probation order is terminated or revoked the court may proceed to sentence such probationer in the same manner and to the same penalty as it might have done if such probation order had never been made.* [Emphasis added.]

Clearly the statute evinces a legislative intent to permit, upon revocation of probation, the imposition of full punishment absent consideration of any previously imposed condition of probation. That MCL 771.4; MSA 28.1134 should control over the sentence credit statute cannot be disputed. When two statutes encompass the same subject matter, one being general and the other specific, the latter will control. *People v Shaw,* 27 Mich App 325, 326; 183 NW2d 390 (1970), lv den 385 Mich 760 (1971).

The Legislature's pronouncement that sentencing subsequent to probation violation may proceed "in the same manner and to the same penalty as it might have been if such probation order had never been made" is not without stricture, however. In *People v Sturdivant,* 412 Mich 92; 312 NW2d 622 (1981), the Michigan Supreme Court, relying on the double jeopardy clause as construed in *North Carolina v Pearce,* 395 US 711; 89 S Ct 2072; 23 L Ed 2d 656 (1969), held that time spent

in the county jail as a condition of probation, MCL 771.3(2)(a); MSA 28.1133(2)(a), must be credited against a defendant's sentence upon sentencing following probation violation.

In *North Carolina v Pearce,* the United States Supreme Court held that multiple prison sentences for the same crime placed a defendant in double jeopardy by twice punishing him for a single crime, and that defendants must be credited for any jail time exacted for the same offense.

The larceny statute under which defendant was prosecuted provides a maximum sentence of "imprisonment" upon conviction. Neither the *Pearce* Court nor the *Sturdivant* Court addressed whether required residency at a rehabilitative center constituted a jail or prison term which requires credit under the double jeopardy clause.

We conclude that where our Legislature has evinced an intention that restrictive conditions of probation need not be considered upon subsequent sentencing of a probation violator, required residency at rehabilitative centers need not be credited against a subsequent sentence of imprisonment under the double jeopardy clause. In short, no double punishment has been imposed under the statutes. Rehabilitative centers are not jails. Their purpose is structured rehabilitation and treatment, not incarceration.

In the instant case, defendant's ordered residency at the state-licensed Rubicon/Odyssey House was clearly rehabilitative. By defendant's own admission, he was a longtime substance abuser and was also professionally diagnosed as alcoholic and cannabis dependent with a recommendation of placement in a residential treatment facility. The fact that the intensive nature of the program offered at Rubicon/Odyssey House requires residency does not entitle defendant to credit. Such a

construction would effectively turn the obvious rehabilitative purpose of the probation statutes on its head. A defendant in need of intensive rehabilitation in a residential program would have little incentive to complete the program and, therefore, trial judges would have little incentive to utilize such programs as an alternative to prison. Defendant is entitled to no credit for time spent at Rubicon/Odyssey House.

The present record, however, is not sufficient for us to assess whether defendant's confinement to Bay Fresh Start was for structured rehabilitation and treatment, or mere incarceration. Accordingly, on this issue, this Court remands this matter to the circuit court for development of a record if the trial court is inclined to deny credit for time spent at Bay Fresh Start, detailing the purpose of the Bay Fresh Start program, especially as applied to defendant, the restrictions which were placed on defendant there, and the trial court's intended purpose in ordering defendant's residence there. In determining whether defendant is entitled to credit for time spent at Bay Fresh Start, the trial court shall weigh the above factors and determine whether Bay Fresh Start offered defendant structured rehabilitation and treatment or a mere substitute for incarceration.

Defendant's sentence without credit for time spent in Rubicon/Odyssey House is affirmed, but we remand for resentencing. Upon resentencing, the trial court, in accordance with this opinion, may either grant or deny credit for time spent at Bay Fresh Start. We retain no further jurisdiction.

MacKENZIE, J., concurred.

ALLEN, P.J. *(dissenting).* I agree that the sentences imposed do not shock the conscience of this

Court. I disagree that it is necessary to remand to the trial court on the question of whether defendant is entitled to credit for the time defendant spent at Rubicon House and the Bay Fresh Start program. That question has been decided in three published decisions of this Court holding that time spent at Bay Fresh Start is sufficiently restrictive to amount to confinement in the county jail. *People v Winchell,* 143 Mich App 164; 371 NW2d 514 (1985); *People v Burton Smith,* 143 Mich App 782; 372 NW2d 660 (1985). Squarely on point is this Court's statement in *People v Greene,* 145 Mich App 580, 583; 378 NW2d 553 (1985):

> A review of the record shows that Bay Fresh Start is funded by the Department of Corrections. The program is designed to strictly regiment and control the residents' activities. We feel that such a restrictive environment is tantamount to confinement, and, as such, defendant is entitled to credit for time served at Bay Fresh Start.

Implicit in the majority opinion is the assumption that a program of rehabilitation and a highly restrictive setting are mutually exclusive. I do not agree. Nor do I accept what I perceive is the underlying rationale of the majority, viz.: that if credit for time spent is given in the instant situation, defendants will have little incentive to complete a court-ordered rehabilitation program. In my opinion the incentive to complete the program would still be great where, if a defendant does not complete the program, he will be cited for violation of probation and incarcerated. Further, I don't see where a trial judge would have a disincentive to use such programs if credit were given. I would affirm defendant's convictions and sentences but allow credit for time spent at Rubicon House and the Bay Fresh Start program.