PEOPLE v SHERYL MILLER

Docket No. 115071. Submitted September 28, 1989, at Grand Rapids. Decided March 19, 1990.

> Sheryl Lynn Miller, also known as Sheryl Lynn Bell, was arraigned on July 19, 1988, in Kent Circuit Court on a charge of retail fraud in the first degree and was incarcerated on that date pursuant to a parole detainer. On August 18, 1988, defendant pled guilty as charged, the parole detainer was lifted, and a personal recognizance bond was set on condition that defendant be released only to and remain at Bullock House, a drug rehabilitation center. On October 3, 1988, the trial court, George V. Boucher, J., sentenced defendant to fourteen to twenty-four months of imprisonment. Defendant appealed, claiming that she should have been given credit for time spent in jail and on the drug treatment program prior to sentencing.

> The Court of Appeals *held:*

> Because defendant's confinement in jail from July 19, 1988, until August 18, 1988, was pursuant to a parole detainer, and not because of being denied or unable to furnish bond, defendant is not entitled to sentence credit pursuant to MCL 769.11b; MSA 28.1083(2) for that period of time. However, the circumstances under which defendant was ordered to the drug rehabilitation center after the parole detainer was lifted amounted to confinement analogous to jail. Accordingly, defendant shall on remand be granted credit for the period of August 18, 1988, to October 3, 1988.

> Conviction affirmed; case remanded for sentence credit.

> MacKenzie, J., concurred in all respects except for the allowance of sentence credit for time spent in drug rehabilitation, which she would hold to be improper for the reasons stated in *People v Morin,* 159 Mich App 582 (1987). Judge MacKenzie would affirm the sentence imposed.

REFERENCES

Am Jur 2d, Criminal Law § 548.

Defendant's right to credit for time spent in halfway house, rehabilitation center, or similar restrictive environment as a condition of pretrial release. 29 ALR4th 240.

CRIMINAL LAW — SENTENCING — CREDIT AGAINST SENTENCE — DRUG
    REHABILITATION.
    A defendant who after conviction is released on a personal
    recognizance bond until sentencing on condition that he remain
    at a drug rehabilitation center under conditions similar to
    confinement in jail is entitled to a credit against a sentence of
    imprisonment for such time spent in drug rehabilitation (MCL
    769.11b; MSA 28.1083[2]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William A. Forsyth,* Prosecuting Attorney, *Timothy K. McMorrow,* Chief Appellate Attorney, and *Gregory T. Boer,* Assistant Prosecuting Attorney, for the people.

*Jeffrey P. Kirchoff,* for defendant on appeal.

Before: HOLBROOK, JR., P.J., and MACKENZIE and NEFF, JJ.

NEFF, J. Defendant appeals as of right from her plea-based conviction for retail fraud in the first degree, MCL 750.356c; MSA 28.588(3). Defendant was sentenced to fourteen to twenty-four months of imprisonment, with zero days credit for time served.

I

Defendant contends that, pursuant to MCL 769.11b; MSA 28.1083(2), she is entitled to sentence credit for time served in the county jail and in a residential drug-treatment program prior to sentencing.

Defendant was on parole at the time of the instant offense. It is undisputed that defendant was incarcerated in the county jail pursuant to a parole detainer from July 19, 1988, the date of her arraignment, until August 18, 1988, when defendant pled guilty to the instant offense. On August

18, 1988, following her plea, defendant's parole detainer was lifted. The trial court also entered an order changing defendant's bond to a $5,000 personal recognizance bond with the conditions that defendant be released only to Bullock House, a drug treatment program, and that she remain in that program. Defendant was released to Bullock House where she remained until sentencing on October 3, 1988.

The issue of sentence credit was not raised in the trial court. However, we believe that this Court's failure to address the issue would result in a miscarriage of justice.

Because defendant's confinement in the county jail from July 19, 1988, until August 18, 1988, was pursuant to a parole detainer, and not because of being denied or unable to furnish bond, defendant is not entitled to sentence credit pursuant to MCL 769.11b; MSA 28.1083(2) for the instant offense for that period of time.

However, we believe that the circumstances under which defendant was ordered to the drug rehabilitation center after her parole detainer was lifted amounted to confinement analogous to jail. See *People v Stange,* 91 Mich App 596, 600; 283 NW2d 806 (1979). Accordingly, defendant shall be granted credit for presentence time served from August 18, 1988, until sentencing on October 3, 1988.

II

Defendant also contends that her sentence should shock the conscience of this Court. We disagree. *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983).

III

Defendant's conviction is affirmed, but this case

is remanded to the trial court for proceedings consistent with this opinion. We do not retain jurisdiction.

MACKENZIE, J. *(dissenting in part).* I agree that defendant is not entitled to sentence credit for the period of her confinement in the county jail pursuant to a parole detainer. I also agree that defendant's sentence is not shocking to the conscience. *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983). For the reasons stated in *People v Morin,* 159 Mich App 582; 407 NW2d 43 (1987), however, I disagree wilth the majority's conclusion that defendant is entitled to credit for the period spent in the drug rehabilitation center. Accordingly, I would affirm defendant's sentence of fourteen to twenty-four months of imprisonment, with no credit for time served.