PEOPLE v SCOTT

Docket No. 185536. Submitted March 19, 1996, at Grand Rapids. Decided
    April 5, 1996, at 9:00 A.M.

    John J. Scott pleaded guilty in the Muskegon Circuit Court, James M.
    Graves, Jr., J., of operating a motor vehicle while under the influ-
    ence of intoxicating liquor, third offense. The trial court deferred
    sentencing for one year and ordered the defendant to enter an in-
    residence substance abuse program. The defendant remained in the
    program for 135 days before he was involuntarily dismissed
    because of religious differences with the administrators of the pro-
    gram. The trial court then sentenced the defendant to one year in
    prison and refused the defendant's request for credit for the time
    spent in the substance abuse program. The defendant appealed.
        The Court of Appeals *held:*
        1. The sentencing credit statute, MCL 769.11b; MSA 28.1083(2),
    does not authorize a credit unless the defendant served time in jail
    before sentencing because of being denied or unable to furnish a
    bond for the offense of which he was convicted. A showing that
    presentence confinement was the result of an inability to post bond
    is an essential prerequisite to the award of sentence credit under
    the statute. Here, the defendant did not serve time in jail as a result
    of an inability to post bond. Even though the substance abuse pro-
    gram had a twenty-four-hour residency requirement, the rehabilita-
    tion center's purpose is structured rehabilitation and treatment, not
    incarceration.
        2. Where a trial court defers sentencing to allow a defendant to
    spend time in a rehabilitative treatment facility, the sentencing
    credit statute does not entitle the defendant to sentencing credit
    for the time spent in the treatment facility. Although the court may
    give the defendant a more lenient sentence on the basis of the ·
    defendant's behavior in the treatment facility, the court is not
    required to grant the defendant sentencing credit for the time spent
    in the treatment facility.
        Affirmed.

1. CRIMINAL LAW — SENTENCE CREDIT.
    The sentencing credit statute authorizes a credit only where the
    defendant serves time in jail before sentencing because of being

denied or unable to furnish a bond for the offense of which the
defendant was convicted (MCL 769.11b; MSA 28.1083[2]).

2. CRIMINAL LAW — SENTENCE CREDIT — DEFERRED SENTENCES — RESIDENTIAL
     REHABILITATIVE TREATMENT FACILITIES.
   The sentencing credit statute does not entitle a defendant to sentenc-
   ing credit for time spent in a residential rehabilitative treatment
   facility where the trial court deferred sentencing to allow the
   defendant to spend time in the facility; although the court is not
   required to grant sentencing credit for the time spent in the treat-
   ment facility, the court may give the defendant a more lenient sen-
   tence on the basis of the defendant's behavior in the treatment
   facility (MCL 769.11b; MSA 28.1083[2]).

*Frank J. Kelley*, Attorney General, *Thomas L.
Casey*, Solicitor General, *Tony Tague*, Prosecuting
Attorney, and *Kevin A. Lynch*, Senior Assistant Pros-
ecuting Attorney, for the people.

*Steven C. Wichmann*, for the defendant.

Before: DOCTOROFF, C.J., and HOOD and GRIBBS, JJ.

PER CURIAM. Defendant pleaded guilty of operating a
motor vehicle while under the influence of intoxicat-
ing liquor, third offense. MCL 257.625(6); MSA
9.2325(6). The trial court sentenced defendant to one
year of imprisonment. Defendant appeals as of right,
claiming that he was entitled to sentencing credit for
the time he served in an alcohol treatment program.
We affirm.

After defendant pleaded guilty, the trial court
deferred sentencing for one year and ordered defend-
ant to enter Teen Challenge, an in-residence sub-
stance abuse program. Defendant remained in the
Teen Challenge program for 135 days before he was
involuntarily dismissed because of religious differ-
ences with the administrators of the program. The
trial court sentenced defendant to one year of impris-

onment but refused to grant him jail credit for the 135 days served in the Teen Challenge program.

Our Court has addressed this issue before. In *People v Stange*, 91 Mich App 596; 283 NW2d 806 (1979), the trial court delayed sentencing so that the defendant could enter a drug rehabilitation center. When the defendant failed to complete the drug treatment program, the trial court refused to grant him credit for the time he served in that program. Our Court reversed, holding that, because defendant was "confined" in the treatment program, it was equivalent to jail for purposes of the sentencing credit statute, MCL 769.11b; MSA 28.1083(2). Our Court also stated that the sentencing credit statute was remedial in nature and merited liberal construction. *Id.* at 600-601.

In this case, the trial court acknowledged the existence of *Stange* but determined that *Stange* had been implicitly overruled by *People v Whiteside*, 437 Mich 188; 468 NW2d 504 (1991). *Whiteside* considered whether a defendant who is ordered to enter a treatment program as a condition of probation is entitled to sentencing credit in a resentencing proceeding after the defendant violates his probation. In *Whiteside*, our Supreme Court explicitly declined to consider the application of *Stange* because *Stange* involved time served in a treatment program before sentencing, while *Whiteside* addressed a situation where the defendant entered a treatment program after being sentenced to probation. *Id.* at 197, n 15. Therefore, we agree with defendant that *Whiteside* did not overrule *Stange*. However, because we find that *Stange* was wrongly decided, we affirm the ruling of the trial court.

In most cases, a court may delay the imposition of a sentence for a period not exceeding one year for the purpose of giving a defendant the opportunity to prove to the court his eligibility for probation or other leniency compatible with the ends of justice and the rehabilitation of the defendant. MCL 771.1; MSA 28.1131. Pursuant to this statute, the trial court deferred defendant's sentence so that defendant could enter the Teen Challenge program.

The sentencing credit statute states:

> Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing. [MCL 769.11b; MSA 28.1083(2).]

It is apparent from the statute that the credit is not authorized unless a defendant served time "in jail" before sentencing "because of being denied or unable to furnish bond for the offense of which he is convicted." Because the primary purpose of the sentencing credit statute is to equalize the position of one who cannot post bond with that of a person who is financially able to do so, a showing that presentence confinement was the result of an inability to post bond is an essential prerequisite to the award of sentence credit under the statute. *Whiteside, supra* at 196.

In this case, defendant did not serve time in jail as a result of an inability to post bond. He served in an alcohol treatment program. Even though the Teen Challenge program contained a twenty-four-hour residency requirement, rehabilitative centers are not jails.

Their purpose is structured rehabilitation and treatment, not incarceration. *People v Morin*, 159 Mich App 582, 590; 407 NW2d 43 (1987).

Because defendant requests credit only for the days that he was in the Teen Challenge program, we presume that he did not go to jail after his involuntary dismissal from the program while he awaited sentencing.[1] Because the assignment to the treatment program had nothing to do with his inability to post bond, we fail to see any connection between defendant's situation and the sentencing credit statute.

The trial court deferred defendant's sentence to give him the opportunity to prove to the court his eligibility for probation or other leniency compatible with his rehabilitation. MCL 771.1; MSA 28.1131. The reasoning in *Stange* does not promote this purpose. If the failure to complete the program would still result in sentencing credit against a future jail term, defendants would have little incentive to complete such a program and a trial court would have little incentive to use treatment programs. *Morin, supra* at 590.

We repudiate the holding of *Stange*. We hold that, if a trial court defers sentencing to allow a defendant to spend time in a rehabilitative treatment facility, the sentencing credit statute does not entitle that defendant to sentencing credit for his time in the treatment facility. MCL 769.11b; MSA 28.1083(2). This does not mean that a trial court may not give a defendant a more lenient sentence on the basis of the defendant's behavior in a residential treatment program. How-

---

[1] The record does not indicate what happened to defendant between the time that he was dismissed from the Teen Challenge program and when he appeared for sentencing one month later. It is unclear from the record whether defendant was required to post bond.

ever, a trial court is not required to grant sentencing credit for time spent in the treatment facility.

Affirmed.